By the Court :
It is a general rule that the best evidence the nature of the case admits of, and that is in the power of the party, shall bo produced. Deeds and other instruments of writing are therefore ordinarily to be proved by the subscribing witnesses.
The rule, however, admits of exceptions, as where the witness is dead, absent, incapacitated, or can not be had. In these eases inferior testimony is received, from necessity, *to prevent a failure of justice. In Lee v. Ballard Hill, 1790, M. S., it was ruled by Lord Kenyon, that where there could be no direct proof of the execution of the bond, by the subscribing witness, collateral evidence was admissible. In Abbot v. Plumbe, Doug. 216, Lord Mansfiold observed that it had been doubted formerly, whether if the subscribing witness denies the deed you can call other witnesses to prove it, but that it had been determined by Sir Joseph Jekyl, in a case which came before him at Chester, that in such case other witnesses might bo examined, and that it had often been done *10 since. The same doctrine will be found in Peake’s Evidence, 101, 102.
The admission of such testimony can not be considered as inter- ■ fering with the rule, which prohibits a party from impeaching the credit of his own witnesses, for the witnesses subsequently called do not directly discredit the first witness. They do not testify as to his character, and the impeachment of his credit, if any ensues, is indirect and consequential. The witnesses who were objected to in this case, and admitted by the court, were called to prove a fact that was important in the cause, and although the first witness had proved that fact contrary to the expectation oi the plaintiff, that circumstance could not prevent him from pawing how the fact really was by other witnesses; and if the feelings or character of the first witness were in any way affected, it was the unavoidable consequence of the exercise of a legal right by the plaintiff. The scope of the rule just referred to seems to be to protect a witness from any direct attempt that may be made by the party who called him, to destroy his credit by general evidence; and one reason for the rule is that such a license would put it in the power of suitors either to sustain or destroy their witnesses, as their testimony might operate for or against them.
If the plaintiff in error be correct in the position he has taken, there must, in many cases, be a total failure of justice. Persons who sign their names to instruments as witnesses, frequently lose all recollection of the fact, and sometimes their handwriting changes so much, as to induce them to doubt or even deny their own signature, when examined *after a lapse of years; and it sometimes happens that a witness from corrupt motives will knowingly falsify the truth, by denying his signature. To say, in cases like these, that a party shall be concluded, would be a sacrifice of substance to form. The rule we conceive does not require such a rigid construction. If the subscribing witness can be had, he must bo produced. If when produced, he can prove the execution of the instrument, his evidence is that which the law requires, as it is the best in the power of the party, but if he can not identify his signature, he is, as to the party producing him, as though he was absent, or dead. The fact to which he is called remains unproved, and the party may resort to secondary evidence. We believe this to bo the common sense of the rule, and the settled construction of it.
The second assignment is that the declaration does not describo *11 the note as mutilated and partly lost. This objection seems to have a reference to the rule laid down for declaring on deeds, of which the defendant has a right to oyer, and of which the plaintiff is therefore required to make profert. In these cases, when the deed can not be produced, the plaintiff may excuse himself from making a profert, by averring that the deed has been lost, by time and accident. In the case before us, it appears that a part of the note had been destroyed, and the objection was, that that fact had not been set out in the declaration. There is no analogy between this case, and those in which that averment is required. In an action on a promissory note, the defendant not being entitled to oyer, a profert is not necessary, nor is it necessary to set out the note in the declaration — it may be given in evidence on the general counts — its mutilated state, therefore, need not be described in the pleadings. It is time enough to disclose that fact, and to account for it, when the paper is offered in evidence.†

NoTE by the Editor — Bemedy on lost negotiable instruments, see xv. 242, and cases cited. As to proofs by subscribing witnesses, see ii. 56; iii. 42; vii. 116, part 1.