## Lee *vs* Alexander, &c.

ERROR TO THE BULLITT CIRCUIT.

*Obligations. Obliteration of pleading.*

JUDGE BRECK delivered the opinion of the Court.

**DEBT.**

*Case 8.*

*December 14,*

·Case stated.

The first count in the plaintiff's amended declaration avers, "that the defendants, on the 3d January, 1840, executed and delivered to the plaintiff their certain writing obligatory, signed with their hands, and now here shown, the date thereof being destroyed and mutilated without the knowledge, privity or consent of the plaintiff, and which is in substance as follows:

"LOUISVILLE, *3d January*, 1841.

"We or either of us, promise to pay Wilford Lee seven hundred and fifty dollars, for the hire of six negro boys, to-wit: Basel, Charles, Ross, Jerry, Martin and George, until the 25th December, one half to be paid 1st July and the balance the 25th December next. I am to clothe and pay doctor's bills.

         "*Sidney S. Alexander,*
         "*Wfd. McDowell,*
         "*Jno. S. Thixton.*

Nevertheless, the plaintiff avers that the defendants failed and refused to pay and satisfy the plaintiff the last instalment of the said $750, to-wit: $375, on or before the 25th December, 1840, to-wit: the December after the execution and delivery of said note or writing sued on."

In the second count in the amended declaration, there is no averment as to any mutilation or destruction of the date of the covenant sued on, and in that respect only, it varies from the first.

The defendants craved oyer of both counts and of the covenant sued on, and demurred, and their demurrer was sustained. Whether correctly or not, is the main question for consideration.

LEE
vs
ALEXANDER, &c.

The mutilationor
alteration of an
instrument of
writing by a
stranger without
the consent or
participation of
the party inter-
ested, does not
render it invalid.
If its identity be
so destroyed by
mutilation that it
cannot be plead
with a profert,
the profert may
be excused by an
averment of that
fact and parol
proof given of its
contents, and ac-
count for its al-
teration, (Green-
leaf 601.) See
the case English,
N. Y. and Mass.
cases cited.

The doctrine seems to be now well settled, that the mutilation or alteration of an instrument or writing by a stranger, without the participation of the party interested, does not render it invalid or change its legal operation.

If the mutilation or alteration is of such a character as to destroy its identity, so that the party cannot plead it with a profert, that the want of such profert may be excused by an allegation that its legal identity had been accidentally destroyed, without the fault of the party; and in such case, secondary evidence may be introduced for the purpose of establishing the original tenor of the instrument, and to account for its alteration or mutilation: (*Greanleaf on Evidence*, 601.)

We are aware that this doctrine is in direct conflict with former decisions of this Court, and more especially with the case of *Letcher* vs *Bates*, (6 *J. J. Marshall*, 524,) and also with the more ancient English authorities. The ancient doctrine, however, that an alteration or spoliation of a deed by a stranger, or by accident or mistake, without the privity or consent of the party interested, destroys it, seems to have been substantially exploded by more modern adjudications, both in England an America, and the doctrine as laid down in Greanleaf (*supra*,) recognized and sustained as more consonant with common sense and justice. The old law, or rule upon the subject, appears to have originated in the technical forms of pleading applicable to deeds, rather than to have been founded in reason and justice. Judge Story, in the *United States* vs *Spalding*, (2 *Mason's Rep.* 482,) says, in reference to this question: "The old cases proceeded upon a very narrow ground. It seems to have been held that a material alteration of a deed by a stranger, without the privity of either obligor or obligee, avoided the deed; and by parity of reasoning, the destruction or tearing off the seal by a stranger or by accident. A doctrine so repugnant to common sense and justice, which inflicts on an innocent party all the losses occasioned by mistake, by accident, by the wrongful acts of third persons, or by the Providence of Heaven, ought to have the unequivocal sup-

port of unbroken authority, before a court of law is bound to surrender its judgment to what deserves no better name than a technical quibble. It appears to me to be shaken to its very foundation in modern times, and every case which upholds a remedy at law, when the deed is lost by time or accident, is decisive against it. The case of *Read* vs *Brookman*, (3 *Term Rep.* 151,) is directly in point, and is reasoned out by Lord Kenyon with vast force and ability, upon principles of eternal justice. Mr. Justice Buller, in *Masters* vs *Miller*, (6 *Term Rep.* 320,) said, and he is a great authority: "It is not universally true, that a deed is destroyed by an alteration, or by the tearing off the seal," &c.

Such is also now the settled doctrine in New York: *Rees* vs *Overbaugh*, (6 *Cowan's Rep.* 748;) *Lewis.* vs *Payne*, (8 *Cowan's Rep.* 71.)

Also, in Massachusetts, *Powers* vs *Ware*, (2 *Pickering's Rep.* 451.) See also, (6 *East*, 309, and 15 *East*, 17.)

In view of the high authorities cited, and others, to which we might refer, and with a settled conviction that the doctrine recognized and sustained by them is more consonant with reason and justice, we are not disposed to adhere to the case of *Letcher* vs *Bates*, (*supra.*)

In the case before us, the plaintiff sets out the writing *in haec verba*, as it now appears or reads, but he does it with an allegation that it was executed and delivered on the 3d of January, 1840, and that its date had been destroyed and mutilated without his knowledge, privity or consent—or, in other words, that its date had been altered from 1840 to 1841, and without his participation.

When, therefore, the defendants craved oyer of the covenant sued on, if entitled to it at all upon the first of the two counts in question, it was with the alleged mutilation as to its date, or with the 'date of 1841 instead of 1840. It was given as the covenant of 1840, but with a mutilation as to its date. Upon the ground, therefore, of a variance between the covenant sued on and the one of which profert was thus made and oyer given, the demurrer ought not to have been sustained.

<div style="margin">Lee
vs
Alexander, &c.

If a date or other material part be torn from a note, it may be put in suit, and it is sufficient if it be averred that it was dated, &c., and delivered on a particular day and by accident and without payee's consent, it had been torn off.</div>

Although the allegations in regard to the mutilation or alteration of the covenant, are deemed substantially sufficient, yet they should properly have been made more specific.

As there is no averment in the second count in the amended declaration, as to any alteration in the date of the covenant, the variance was available, upon demurrer, and had the demurrer been to that count alone, would have been properly sustained. But the demurrer was joint, to both counts, and not being good as to the first count, should have been overruled.

The demurrer to the defendant's plea to the first count, or the original declaration, was properly sustained. In that count the plaintiff sued on, and made profert of the covenant as a covenant of the 3d January, 1841.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the defendant's demurrer—and to permit each party to amend his proceedings, and for further proceedings consistent with this opinion.

*B. Hardin* for plaintiff; *W. R. Thompson* for def't.