McCULLOCH, ADMINISTRATOR, v. SMITH.

[No. 3,137. Filed April 24, 1900.]

EXECUTORS AND ADMINISTRATORS.—*Claims.—Bills and Notes.—Mutilation.—Exhibit.*—A statement of a claim against a decedent's estate, based upon a promissory note which was so mutilated and torn that the signature of decedent did not fully appear thereon, must show that the claimant was innocent of the mutilation, and it was not proper to file an exhibit materially different from the note which would be introduced in evidence.

From the Floyd Circuit Court. *Reversed.*

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*G. H. Hester, E. G. Henry* and *E. B. Stotsenburg,* for appellee.

BLACK, J.—The appellee's statement of claim against the appellant, administrator *de bonis non* of the estate of James M. Hains, deceased, was based upon a non-negotiable promissory note of the decedent. While the copy of the note filed with the statement showed the signature of the maker thus: "J. M. Hains," it was alleged in the statement of

claim that the "note was originally executed by said decedent by signing his full name thereon, but that the same has been mutilated and torn, so that the signature of said decedent does not now fully appear thereon, and that said torn portion is lost, and can not be found."

In discussing the action of the court in overruling a demurrer to the complaint, it is said by counsel for the appellant that, in order to make a good complaint upon a mutilated instrument and entitle it to be received in evidence, it must appear that the mutilation was innocently done, and was the result of either accident or mistake.

Our statute relating to the settlement of the estates of decedents provides that no action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file "a succinct and definite statement thereof" in the office of the clerk of the court in which the estate is pending; and, if any claim against the decedent be founded upon any written instrument alleged to have been executed by him, the original, or a complete copy thereof, shall be filed with the statement. §2465 Burns 1894, §2310 Horner 1897. The sufficiency of the statement of claim may be tested by demurrer. §2479 Burns 1894, §2324 Horner 1897.

It has been held often that the statement or complaint is sufficient if it apprise the defendant of the nature of the claim and the amount demanded, and show facts sufficient to bar another action for the same demand. *Taggart* v. *Tevanny*, 1 Ind. App. 339, and cases cited.

The statute does not require the claimant to set forth his claim by a regular complaint constructed in accordance with the ordinary rules of pleading, but the "succinct and definite statement" of his claim must contain all such facts as are necessary to show *prima facie* that the decedent's estate is lawfully indebted to the claimant, or it will be

held bad on demurrer for want of sufficient facts. *Windell* v. *Hudson*, 102 Ind. 521; *Walker* v. *Heller*, 104 Ind. 327; *Thomas* v. *Merry*, 113 Ind. 83. The statute requires such a statement of facts as will show a legal liability on the part of the estate, and as will, with reasonable certainty, indicate to the representative of the estate what he is called upon to meet. *Culver* v. *Yundt*, 112 Ind. 401. The requirement above noticed relating to the filing of the instrument executed by the decedent on which the claim is founded, or a complete copy thereof, with the statement of claim, is not less strict than the provision of the civil code that, when any pleading is founded on a written instrument, the original, or a copy thereof, must be filed with the pleading. §365 Burns 1894, §362 Horner 1897.

In *Blasingame* v. *Blasingame*, 24 Ind. 86, it was said that the statute requiring a copy of the instrument as a part of the complaint was intended, by a direct method, in all cases, to attain the end which, in suits at law upon sealed instruments, was formerly reached by profert and oyer, and to require an actual showing by the copy in court, instead of that nominal production of it which profert was said to accomplish; that in such suits it was not needed that profert be made when the instrument was lost; but the facts to excuse the profert must have been averred, and were traversable, and, if not proved, the suit failed.

In 1 Chit. Pl. 365, it is said: "The excuse for the omission of a profert being traversable must be stated according to the fact; as, either that 'the deed has been lost,' or 'destroyed,' 'by accident,' or 'that it is in the possession of the defendant', and that 'therefore the plaintiff cannot produce the same to the court.' But in declaring upon a bill of exchange or other simple contract, no profert is to be made." And on page 366, it is said that, where a profert or an excuse for it is necessary, "if the plaintiff make profert of and thereby profess to produce the deed, when he is not prepared to do so, and the defendant plead *non est*

*factum*, the plaintiff will be nonsuited on the trial as it will not be sufficient in such case to prove that the deed was lost or destroyed, or in the defendant's possession."

In 2 Chit. Pl. 439, the forms of excuses of the profert are set forth as follows: "If the bond be lost—'and which said writing obligatory having been lost' or, 'and which said writing obligatory having been destroyed by accident' or, 'by the said defendant,' the said plaintiff cannot produce the same to the said court here," etc.

In 1 Greenl. Ev. §566, it is said: "If by the unlawful act of a stranger, the instrument is mutilated or defaced, so that its identity is gone, the law regards the act, so far as the rights of the parties to the instrument are concerned, merely as an accidental destruction of primary evidence, compelling a resort to that which is secondary; and, in such case, the mutilated portion may be admitted as secondary evidence of so much of the original instrument. Thus, if it be a deed, and the party would plead it, it cannot be pleaded with a profert, but the want of profert must be excused by an allegation that the deed, meaning its legal identity as a deed, has been accidentally, and without fault of the party, destroyed."

In *Lee* v. *Alexander*, 9 B. Mon. 25, there was in the complaint an averment that the date of the note sued on had been destroyed and mutilated without the knowledge, privity, or consent of the plaintiff. It was said by the court: "If the mutilation or alteration is of such a character as to destroy its identity, so that the party cannot plead it with a profert, the want of such profert may be excused by an allegation that its legal identity had been accidentally destroyed, without the fault of the party, and in such case secondary evidence may be introduced for the purpose of establishing the original tenor of the instrument, and to account for its alteration or mutilation." It was also said: "Although the allegations in regard to the mutilation or alteration of the covenant are deemed substantially sufficient, yet they should properly have been made more specific."

In *Piercy* v. *Piercy*, 5 W. Va. 199, a bond was exhibited with a bill in equity, the bond being in a mutilated form, and no explanation being given as to how it became mutilated. The signature and seal had been torn off, and the name had been reinstated or pasted on near the middle of the paper at the bottom thereof. It was said by the court: "It lies upon the party seeking to enforce a bill or note to account for any alteration that appears on the face of the instrument.    *    *    *    The authorities are numerous that, if the bond is altered by the obligee in a material point, it thereby becomes void."

At common law, a note partly destroyed might be declared on as entire, and proof might be received of the destroyed part. *Duckwall* v. *Weaver*, 2 Ohio 13. In that case, the declaration did not describe the note as mutilated and partly lost. An objection upon this ground was said by the court to have reference to the rule for declaring on deeds, "of which the defendant has a right to oyer, and of which the plaintiff is therefore required to make profert. In those cases, when the deed cannot be produced, the plaintiff may excuse himself from making a profert, by averring that the deed has been lost, by time and accident. In the case before us, it appears that a part of the note had been destroyed, and the objection was, that that fact had not been set out in the declaration. There is no analogy between this case and those in which that averment is required. In an action on a promissory note, the defendant not being entitled to oyer, a profert is not necessary, nor is it necessary to set out the note in the declaration— it may be given in evidence on the general counts—its mutilated state, therefore, need not be described in the pleadings. It is time enough to disclose that fact, and to account for it, when the paper is offered in evidence."

In *Master* v. *Miller*, 4 T. R. 320, cited in *Rees* v. *Overbaugh*, 6 Cowen 746, it was said that, even if the seal were torn off before the action brought, there would be no dif-

McCulloch, Adm. *v.* Smith.

ficulty in framing a declaration which would obviate every doubt on that point by stating the truth of the case.

In *Stoner* v. *Ellis*, 6 Ind. 152, 160, it was said: "We are of the opinion that where the alteration is of such a character as to defeat entirely the operation of the instrument, for any purpose, as in the case of the erasure of the signature and seal to a deed, or other instrument, so that, admitting all to be true that appears upon the instrument, when produced, it would be void in law, it should be explained in the first instance, before it should be permitted to go to the jury."

*Dean* v. *Speakman*, 7 Blackf. 317, was an action on a promissory note brought by the payee against the makers. On the trial the plaintiff offered in evidence a paper bearing the signature of the defendant, which appeared to be a considerable fragment of a promissory note, and offered to prove by his attorney that the paper was part of a promissory note which had been placed entire in his hands by the plaintiff, but which had been mutilated by having a small piece torn off one end. The witness supposed this had been occasioned by frequent withdrawal and replacement of the note among the files where it was usually kept. The witness produced and swore to a copy of the entire note, made before it was torn, which corresponded with the note described in the declaration, and the witness stated that he had made diligent search for the missing piece, but could not find it. It was held that the admission of this testimony to establish the note was right, that the absence of the torn off part was sufficiently accounted for to let in secondary evidence of its contents, and the sworn copy was legal evidence for that purpose. It was said that the case bore a stronger analogy to that of a destroyed note than to a lost one, and that an action would lie on a destroyed note.

The signature of the maker is essential to the completeness and efficacy of a promissory note. It is so contemplated by the statute. §7515 Burns 1894, §5501 Horner 1897.

There is as much need of pleading an excuse for failure to exhibit a promissory note on which a complaint or the statement of a claim against a decedent's estate is founded as there was at common law in an action on a sealed instrument for showing in the complaint an excuse for failure to make profert. Whatever excuse be made in the complaint or statement of claim, it is traversable, and therefore is material. When, in making the excuse for failure to exhibit the instrument with the complaint, it is made to appear that the note, since its execution, has been materially altered, it is also material to explain the alteration. In the case before us it affirmatively appears that, after the execution of the note by the decedent, it was mutilated and torn, so that the signature of the maker does not fully appear thereon, and that the torn portion is lost, and cannot be found. On demurrer the pleading must be construed most strongly against the pleader. It must be considered that the note, in its present condition, does not show the name of a maker. The mutilation being expressly averred to have occurred after the execution of the instrument,—that is, after it had been signed and delivered to the claimant,—it devolved upon him to account for the mutilation in such manner as to show that the instrument is a subsisting promissory note on which the estate is still indebted to him. The note was so far destroyed that it could not constitute an exhibit to a complaint upon it, yet with sufficient excuse for its condition there might be a recovery upon the note as originally executed. It was not good pleading to file an exhibit materially differing from the note which would be introduced in evidence. A proper exhibit controls as to the contents of the instrument sued on, and the proof must not materially contradict it. The instrument having been deprived of an essential part of a promissory note, and it not having been the purpose to base the action upon the instrument in its present form, no exhibit should have been filed, but the complaint or statement should have proceeded

upon the theory that the action was one upon a note destroyed as such by mutilation. The mutilated note, in its present condition, would serve on the trial as partial proof in giving secondary evidence of the contents of the original instrument. As the instrument was not lost, or in the possession of the defendant, but was materially mutilated after execution, we think it was not sufficient for the holder merely to state the mutilation, which deprived it of its character as a promise of the decedent, without also showing what he would have to prove as a material part of his case, without which he could not recover; that is, that he was innocent of the mutilation. It was incumbent on him not merely to show why he could not file a copy of the note sued on, but also to account for its mutilation, thus necessarily disclosed in pleading.

If this would be necessary in suing the living maker of a promissory note,—and we think it ought to be so considered,—we can see no good reason for less comprehensiveness in the succinct and definite statement of a claim against the estate of a deceased maker. The judgment is reversed, and the cause is remanded with instruction to sustain the demurrer to the statement of claim.