## CHRISTIAN v. HIGHLANDS, ADMINISTRATOR.

[No. 4,663. Filed December 18, 1903.]

TRUSTS.—*Express Trusts.*—*Deeds.*—A deed conveying certain land "in trust," without stating the purpose of the trust or any beneficiary, is insufficient under §3391 Burns 1901 to create an express trust. *pp. 109, 110.*

SAME.—*Deeds.*—*Mortgage by Agreement.*—Where a widow conveyed certain lands to plaintiff in trust to pay the debts of her husband, the conveyance, after the payment of such debts, could not be changed by parol agreement to a mortgage upon the lands remaining unsold to indemnify the trustee or grantee against loss by reason of his future suretyship of grantor. *pp. 110, 111.*

CONTRACTS.—*Within Statute of Frauds.*—*Oral Modification.*—A contract, which, being within the statute of frauds, has been made in compliance therewith, can not be orally modified. *p. 111.*

PRINCIPAL AND SURETY.—*Bills and Notes.*—While a surety on a promissory note assumes liability thereon to the payee from the time of executing the note, yet until he has been compelled to pay the debt, or has sustained some loss by reason of his suretyship, he has no cause of action against his principal, even though the principal be insolvent and wholly unable to discharge the debt or any part of it. *pp. 111, 112.*

EXECUTORS AND ADMINISTRATORS.—*Claims.*—*Complaint.*—*Principal and Surety.*—A complaint alleging that claimant was compelled

to pay and did pay, on a certain date, for the intestate, as her surety, a specified amount on a note, sufficiently states a claim against the decedent's estate.  *p. 112.*

From Huntington Circuit Court; *R. K. Erwin*, Special Judge.

Action by Daniel Christian against James Highlands, administrator of the estate of Judith Glick, deceased. From a judgment in favor of defendant, plaintiff appeals. *Reversed.*

*S. M. Sayler*, for appellant.
*F. H. Bowers*, for appellee.

BLACK, J.—The court below sustained the demurrer for want of sufficient facts of the appellee, administrator of the estate of Judith Glick, deceased, to each of the two paragraphs of the appellant's statement of claim against that estate. In the second paragraph it was in substance alleged that the intestate, widow of Emanuel Glick, deceased, and certain others named, his children, by their quitclaim deed, October 18, 1881, conveyed certain described real estate in Huntington county to the appellant, in trust to pay the debts of said Emanuel Glick, deceased, Judith Glick agreeing that as much of her share of the real estate as might be necessary therefor should be used to pay such debts; that the appellant proceeded to sell and did sell all of the real estate, except a portion thereof described, being twelve and eighty-one one-hundredth acres, which tract was less than a one-third share of the real estate so conveyed to him; that Judith Glick, widow, consented to such sales, and that the proceeds thereof should be applied on the debts of Emanuel Glick, her deceased husband, and the proceeds were so applied, and his debts were paid; that, after the debts had been paid, the appellant, in the spring of 1882, his wife joining, executed a deed for such remaining real estate to Judith Glick, and tendered it to her in full settlement of his said trust; that when he tendered it to her she was in-

debted to one John Colclesser on two notes—one for $150, to become due June 1, 1882, and one for $50, to become due July 31, 1883; that instead of accepting the deed she and the appellant made a new agreement, by which they mutually agreed that the first deed above mentioned should be considered to be and should be a mortgage to secure the appellant against any loss or costs which he might incur if he should secure the renewal of these two notes when they should become due respectively, and they then agreed that the appellant should secure the renewal of the notes by signing the renewed notes, dated June 1, 1882, and July 31, 1883, and they arranged and agreed with the payee of the notes to renew them; and the appellant and Judith Glick then further agreed that, in consideration of the title of the real estate remaining in the appellant, and being by them considered to be a mortgage in his favor, he would act as surety for her on such loans of money as she in the future might need to borrow. It was alleged that pursuant to this agreement the appellant entered himself as surety on the renewed notes by signing them; that when it was so agreed to consider the deed to be a mortgage Judith Glick was the surety of one Jacob W. Glick on a note dated in 1873, payable to one Martha Dinius, and when the agreement aforesaid was made Jacob W. Glick was solvent, and the note payable to Martha Dinius was collectible from him; that about the year 1882 Judith Glick gave Martha Dinius verbal notice to sue upon the note so beloging to the latter; that at the time of the making of the agreement between Judith Glick and the appellant, Martha Dinius had knowledge that the legal title to the real estate was in the appellant by the above-mentioned deed of trust, and afterward, at divers times, Judith Glick told Martha Dinius that the appellant held the land to indemnify himself against any loss on account of securing the loans which Judith Glick made; that afterward, in 1891, Martha

Dinius obtained a judgment in the court below against
Judith Glick on her said note, and the appellant was not
a party to the suit; that Martha Dinius for many years,
from 1891 until the death of Judith Glick, never at-
tempted to collect the judgment by execution; that March
13, 1890, Judith Glick, by her promissory note, promised
to pay one Amos D. Young $250, one year after date;
that the appellant, pursuant to his agreement aforesaid,
entered himself as surety on this note, relying on the
agreement and the deed as his indemnifying security;
that August 10, 1893, Judith Glick, with the knowledge
and consent of the appellant, her surety, made a payment
of $8 on the note payable to Young, but never afterward
made any further payment; that she died in Huntington
county, February 4, 1901, having no property, real or
personal, except the real estate above mentioned; that
from June 1, 1899, until her death she had no other
property, real or personal; that the judgment of Martha
Dinius has been filed as a claim against the estate of
Judith Glick, deceased, in the clerk's office of that county;
that there are no creditors of her estate besides the appel-
lant, except Martha Dinius and Amos D. Young and one
Emanuel Glick; that the last-named creditor, for many
years before her death, knew of the details of the agree-
ment between her and the appellant, and that the latter
was by said agreement to be considered to be her mort-
gagee and was to be indemnified out of the real estate for
any payment that he might make as surety for her, and
consented to such arrangement and agreement; that Amos
D. Young knew of said agreement, and, relying on the
same, loaned said sum of $250 to Judith Glick; that she
being insolvent, except as she owned said real estate, and
having no other property, the appellant, November 13,
1899, was compelled to pay and did pay for her, as her
surety, to the estate of John Colclesser, deceased, on the
note dated June 1, 1882, $62.84, and on the note dated

July 31, 1883, $74.75; that appellant was liable for the payment of the note made to Young, dated March 13, 1890, in the sum of $500, and that the amount for which he was liable and which he had been compelled to pay was $637.59; that Judith Glick in all her dealings with all her creditors openly proclaimed and declared to them that the appellant held all of said real estate in the trust deed of October 18, 1881, which remained unsold, as and for an indemnity against any loss that might accrue to him by reason of his said suretyship on said notes. Prayer that the appellant's claim be allowed as a preferred claim against the estate in the class of mortgages, and of priority as of date of June 1, 1882, in the sum of $700, and that the appellee be ordered to pay the same as of such priority, and for all other proper relief. The deed of conveyance and the several promissory notes executed by the appellant were filed as exhibits.

The first paragraph was like the second, except that the amount of the note to Martha Dinius was mentioned therein, being $75, and in other respects the facts were stated more fully in the second paragraph. By the terms of the deed the grantors conveyed and quitclaimed to the appellant "in trust," no consideration being stated, and the purpose of the creation of a trust not being more fully expressed.

The appellant, the grantee, "in trust," in his statement of claim, admits and sets forth the character and object of the trust, which do not appear to have been expressed otherwise than orally, being that the grantee should pay the debts of the deceased husband of one of the grantors and father of the others, using for such purpose so much of the widow's one-third share of the land as might be necessary, no other consideration being alleged; it being admitted also that he had accomplished the purpose of the conveyance in trust, and that a certain definitely described portion of the real estate, less than the widow's

share, remained undisposed of, which he recognized as the property of the widow; it being alleged that instead of conveying to her, as he proposed to do, the legal title thereof, it was agreed orally between the widow and the appellant that the deed so executed in trust for a certain purpose— the payment of the debts of Emanuel Glick, deceased— should be by the widow and the appellant treated in the future as a mortgage to secure and indemnify the appellant as surety for the widow upon the promissory notes thereafter to be executed.

Our statute provides that no trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same or by his attorney thereto lawfully authorized in writing. §3391 Burns 1901. It is not enough for the deed of conveyance by which it is proposed to create a trust that it shall merely indicate an intention of the parties thereto to create some sort of trust. The trust must be expressed in the instrument, or by a reference therein to some other writing, so that the court which is called upon to enforce it as an express trust may ascertain, without resort to parol evidence, the character of the trust. To this end a beneficiary should be named or indicated. In the deed here shown no purpose of the trust is stated. There is no provision requiring the trustee to hold the property for any designated use or purpose, or for any designated person. It can not be ascertained from the writing that the trustee was to devote the land or its proceeds to any particular purpose, and to hold and recover the remainder thereof not so used to the grantors, or any of them. It may be claimed, plausibly, that there is indication in the writing that the grantee was not to hold absolutely for his own benefit alone, for in such case the words "in trust" would be wholly superfluous; yet there can not be said to have been more than the ineffectual expression of a desire to create a trust, inasmuch as the

writing by which an express trust is created must contain a proper and sufficient declaration of the trust, and not stop short with the designation of a trustee.    See *Dillaye* v. *Greenough*, 45 N. Y. 438.    It is plain that by the deed in question an express trust was not created.

The case before us is not one brought by the assumed *cestui que trust* seeking the enforcement of the alleged parol trust under the terms of the deed of conveyance, supplemented by a parol agreement, but the grantee himself has instituted the suit, asserting in his complaint his trusteeship and the character thereof, and naming the beneficiary for whom he was to hold the portion of the land remaining after the accomplishment of his active duty as trustee.    He has admitted by matter of record the facts which, if set forth in the deed, would have made it fully expressive of an enforcible trust.    The court is not called upon to accept parol evidence as against the grantee for the purpose of charging him as a trustee.    The facts thus for the purposes of the case established are such that it would be a fraud upon the widow who joined in the conveyance to deny her beneficial ownership of the real estate in question; and the alleged trustee does not interpose the statute or resist the proof of the trust by parol evidence, but asserts the widow's equitable ownership of the property and his bare legal title.    There could be no occasion here for the enforcement of the statute to prevent fraud, the purpose for which it was enacted.    The appellant could have no reason to complain if in the suit brought by him against the personal representative of the deceased widow, in which her heirs at law were not parties, the court to which he applied took the view of the transaction presented by him.

Assuming, then, that for the purposes of the case the appellant, when he had paid the debts of the deceased husband and father, held the unused portion of the real estate in trust, the equitable title thereto being in the widow,

could this relation be changed by parol so as to convert the deed of conveyance, under which the appellant so held the legal title, into a mortgage to secure or indemnify the appellant upon his contracts of suretyship for the widow, to be entered into in the future? This, we think, must be answered in the negative. The agreement that the deed of conveyance admitted to be a conveyance in trust for a certain purpose—that of paying the debts of the deceased husband and father—should stand as a mortgage indemnifying the grantee against loss by reason of his future suretyship for one of the grantors, was within the statute of frauds, and not enforcible, because not in writing, signed as required by the statute. *Irwin* v. *Hubbard*, 49 Ind. 350, 19 Am. Rep. 679. Among the cases there cited is *Curle's Heirs* v. *Eddy*, 24 Mo. 117, 66 Am. Dec. 699. See, also, *Wood* v. *Wood*, 124 Ind. 545, 9 L. R. A. 173; *Slack* v. *Collins*, 145 Ind. 569.

A contract, which, being within the statute of frauds, has been made in compliance therewith, can not be orally modified. *Carpenter* v. *Galloway*, 73 Ind. 418. While, therefore, the appellant's effort to have the quitclaim deed treated as a mortgage to secure any indebtedness of the intestate, Judith Glick, to him, growing out of his suretyship for her must fail, it does not necessarily follow that he had no claim for the recovery of money from her estate; and the complaint needs further consideration to ascertain whether or not it shows facts on which to base such a recovery. While a surety upon a promissory note assumes liability thereon to the payee from the time of executing the note, yet, until he has been compelled to pay the debt, or has sustained some loss by reason of his suretyship, he has no cause of action against his principal merely on the ground that he is bound as surety, and liable as such to pay the debt, even though the principal be insolvent and wholly unable to discharge the debt or any part of it. His right of action against his principal is not founded upon the

note, but grows out of the implied obligation of the principal to indemnify the surety for his loss as such, to which his recovery must be limited. *Gieseke* v. *Johnson,* 115 Ind. 308; *Barnes* v. *Sammons,* 128 Ind. 596; *Goodwin* v. *Davis,* 15 Ind. App. 120. This sufficiently disposes of what is averred in the complaint concerning the note made by the intestate and the appellant as her surety to Amos D. Young.

It is alleged in the complaint that the appellant was compelled to pay and did pay November 13, 1899, for the intestate, as her surety, a specified amount on a note dated June 1, 1882, and another certain amount on a note dated July 31, 1883. The claim was filed March 5, 1902, the intestate having died, February 4, 1901. We can not look to the notes filed as exhibits, and can know concerning them only what is alleged in the complaint.

It is well established that the statement of a claim against a decedent's estate, like a complaint originating before a justice of the peace, is to be regarded as sufficient if it apprises the defendant of the nature of the claim and the amount demanded, and contains enough substantial matter to bar another action for the same demand. Applying this rule to the complaint before us, and having reference to our decisions wherein the rule has been affirmed, we are required to hold that each paragraph was a sufficient statement of claim. *Taggart* v. *Tevanny,* 1 Ind. App. 339; *Knight* v. *Knight,* 6 Ind. App. 268; *Hopewell* v. *Kerr,* 9 Ind. App. 11; *McCulloch* v. *Smith,* 24 Ind. App. 536; *Harker* v. *Glidewell,* 23 Ind. 219; *Gerber* v. *Sharp,* 72 Ind. 553.

Judgment reversed.