## McGuire v. Smith et al.

[No. 8,091. Filed November 7, 1913.]

1. DEEDS.—*Evidence.*—*Impeachment of Deed by Parol Evidence.*— Evidence of a parol agreement tnat the grantee under a deed absolute on its face was to hold the real estate thereby conveyed in trust for the grantor is not admissible, since such a deed may not be impeached by parol testimony. p. 511.
2. DEEDS.—*Contemporaneous Verbal Agreements.*—*Merger.*—A contemporaneous verbal agreement affecting a conveyance of land is merged in the written deed. p. 511.

From Boone Circuit Court; *Willett H. Parr*, Judge.

Action by Thomas McGuire against Mary Smith and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Patrick H. Dutch* and *C. Vasco Dodson*, for appellant.

*A. J. Shelby*, for appellee

HOTTEL, P. J.—On April 10, 1910, appellant, then an unmarried man, conveyed to his son, John T. McGuire, by a deed absolute and unconditional on its face, the real estate involved in this suit. On September 29, 1910, the son reconveyed to the father, by warranty deed, the same real estate, such deed containing, at the close of the description, the following clause: ''This conveyance is made to grantee for and during his life and at his death said real estate is to vest in fee simple in the children of said grantee, to wit: Mary Smith, Cecilia Carey, Tersa Casey, Charles McGuire, Dan McGuire, John T. McGuire, share and share alike.'' Appellant brought this action against his said children and their respective husbands and wives, and in his first paragraph of complaint seeks to set aside said last deed, and in a second paragraph seeks to quiet title to the real estate described in each of said deeds.

The first paragraph of complaint, after averring the execution of the first deed by appellant, alleges in substance that such deed was made pursuant to an agreement between

the appellant and the grantee therein, to the effect that if the appellant, the grantor, would convey such real estate to the grantee by warranty deed, he, the grantee, would hold it for the grantor until he should give direction as to its disposition; that pursuant to such agreement, the grantee, John T. McGuire, and Maude E. McGuire, his wife, on September 29, 1910, attempted to reconvey said real estate to appellant by deed, in which he, appellant, was given a life estate and at his death the real estate was to vest in fee simple in his children, naming them, share and share alike; that when said deed was presented to the appellant, he refused to accept it as a fulfillment of the agreement before entered into between him and the grantor; that notwithstanding his refusal to accept said deed, "it was taken hurriedly and with undue haste to the recorder's office of Boone County, Indiana, and caused to be spread of record by said defendants"; that said deed of September 29, 1910, did not comply with the agreement entered into between the father and son on April 19, 1910, in this, to wit: "The conveyance was made to this plaintiff, Thomas McGuire, for and during his life and at his death said real estate was to vest in fee simple in the children: (naming them) which provision did not exist in the agreement between Thomas McGuire and John T. McGuire;" that on November 10, 1910, John T. McGuire and his wife, Maude E., executed another warranty deed by which he conveyed to appellant the fee simple title to the same real estate. This paragraph contains no averments of fraud or mistake, and seeks only to set aside and have held as null and void said deed from John T. and Maude E. McGuire of date September 29, 1910. The second paragraph of complaint seeks to quiet title to the same real estate.

The only error assigned is the overruling of the motion for new trial, and the only question, if any, which can be said to be presented by the record and the appellant's brief, within the meaning of the well-recognized rules of practice

and the rules of this court, as frequently announced, relates to the exclusion of evidence. No good purpose could be served by indicating the different grounds of the motion for new trial, and the parts of the record upon which such grounds are based, which attempt to present the several items of excluded evidence relied on. In some instances the

1. question itself calls for a conclusion of the witness, in others the offer to prove, instead of reciting the facts to which the witness would testify if permitted to answer the question, recites the conclusion of the person making the offer as to what the evidence would prove, or the reasons for the offered proof, and in several instances involves matters not responsive to the question at all, or in addition to and outside of the question propounded; but assuming that appellant by proper questions, and offers to prove in response thereto, had properly presented the question of the exclusion of such offered evidence it would avail him nothing, because, by such excluded evidence, he sought to show a parol agreement between himself and his son, his grantee, in the deed of April 10, 1910, to the effect that such grantee was to hold the real estate so conveyed in trust for the grantor and hence was an effort to impeach a conveyance absolute on its face by parol evidence and was in violation of a well-settled rule of law. *Fouty* v. *Fouty* (1870), 34 Ind. 433, 435; *Barnes* v. *Bartlett* (1874), 47 Ind. 98, 103; *Peterson* v. *Boswell* (1893), 137 Ind. 211, 214, 36 N. E. 845, and authorities cited; *Wright* v. *Moody* (1888), 116 Ind. 175, 179, 18 N. E. 608; *Christian* v. *Highlands* (1903), 32 Ind. App. 104, 111, 69 N. E. 266; *Stonehill* v. *Swartz* (1891), 129 Ind. 310, 324, 28 N. E. 620. A verbal agreement in such cases is

2. merged in the written deed and it cannot be contradicted by parol evidence. *Turner* v. *Cool* (1864), 23 Ind. 56, 59, 85 Am. Dec. 449; *Coleman* v. *Hart* (1865), 25 Ind. 256, 258; *Carr* v. *Hays* (1886), 110 Ind. 408, 413, 11 N. E. 25; *Smith* v. *McClain* (1896), 146 Ind. 77, 87, 45 N. E.

41; *Beasley* v. *Phillips* (1897), 20 Ind. App. 182, 187, 188, 50 N. E. 388; *Horner* v. *Lowe* (1902), 159 Ind. 406, 410, 64 N. E. 218.

We find no error in the record that will authorize a reversal. Judgment affirmed.

NOTE.—Reported in 103 N. E. 71. See, also, under (1) 17 Cyc. 613, 620; (2) 13 Cyc. 616. As to parol trust in land, see 115 Am. St. 774.