May Term,
1839.

ETCHISON v. POST.

ETCHISON
v.
POST.

A count on tort cannot be joined with one on contract, even in a suit before
a justice of the peace.

Monday,
May 27.

ERROR to the *Fayette* Circuit Court.

DEWEY, J.—This was an action commenced before a justice of the peace, and taken by appeal to the Circuit Court. The statement of the plaintiff's demand contained two causes of action—one founded on contract, and the other on tort. In the Circuit Court the defendant moved to suppress the latter. The motion was sustained, and the plaintiff excepted. The parties then went to trial by the Court without a jury on the remaining cause of action. The Court, after hearing the evidence, nonsuited the plaintiff and rendered judgment against him for costs. He moved for a new trial, but his motion was overruled, and he excepted.

We conceive no error was committed by the Circuit Court in rejecting the cause of action founded on tort. It is true, that if in commencing a suit before a justice a plaintiff misconceives the form of action, it is no cause of nonsuit, provided enough be stated to apprize the defendant of the real demand against him. Stat. 1835, p. 52. But we do not consider that the statute which contains this provision, ought to receive a construction so broad as to do away all objections to a misjoinder of actions. Its object is to protect the parties against the consequences of technical inaccuracies. It could not, we think, have been the intention of the legislature so far to confound well established and material distinctions, as to authorise a clearly defined cause of action founded on tort, to be joined with one arising from contract. Perhaps, had the plaintiff claimed the right, he was entitled to elect which branch of his action should have been retained; but he was not authorised to join contract and tort in the same action.

We have looked through the evidence, which is spread upon the record, and concur with the Circuit Court in the conclusion which they formed upon it.

*Per Curiam.*—The judgment is affirmed with costs.

*C. B. Smith,* for the plaintiff.

*J. S. Newman* and *S. W. Parker,* for the defendant.