## BOYER v. TIEDEMAN.

PRACTICE.—*Misjoinder of Causes.*—The joinder of a cause of action sounding in tort with one sounding in contract is, under the code, good ground for a demurrer assigning a misjoinder of causes of action; and where such a demurrer to a complaint has been properly sustained, the plaintiff cannot successfully complain in the Supreme Court of the action of the court below in thereupon rendering judgment against him for costs, where he merely excepted to the ruling on the demurrer, but interposed no objection to the judgment, and took no step for a separation of the causes.

APPEAL from the Elkhart Common Pleas.

WORDEN, J.—Boyer, the appellant, sued the appellee, the complaint containing two paragraphs. The first paragraph is in tort, charging the defendant with fraud in invoicing a stock of goods. It charges, in substance, that the plaintiff purchased of defendant a stock of groceries and fixtures, at five per cent. advance on the original cost; that the plaintiff was a stranger in the place and to the grocery business, and depended entirely upon the defendant to furnish a correct invoice of the goods and the cost thereof; that after the plaintiff had made the purchase, and taken possession of the goods, he found that the defendant had cheated and defrauded him to the amount of three hundred dollars, by invoicing a large part of the goods at a price much above the cost thereof.

The second paragraph sounds in contract. It alleges a purchase of the property as in the first paragraph; that part of the goods were boxed up in a cellar, and difficult of inspection, and that the plaintiff relied upon the defendant's war-

Boyer *v.* Tiedeman.

ranty as to the quality of the goods, which turned out to be worthless; it also charges that some of the goods fell short in quantity.

A demurrer was filed to this complaint, assigning for cause a misjoinder of causes of action, which was sustained, and exception was taken by the plaintiff. After sustaining the demurrer, the court proceeded to render judgment for the defendant for costs. To this action of the court no objection was made or exception taken; nor was the court asked to order the misjoinder to be noted on the order book, and cause separate actions to be docketed; nor did the plaintiff file, or offer to file, a complaint in each of the causes.

There was no error in the ruling of the court on the demurrer. Before the code of proceedure, causes of action sounding in tort and those sounding in contract could not be joined. *Etchinson* v. *Post*, 5 Blackf. 140. The code has made no change in this respect. It is quite apparent that the first paragraph is based upon a tort, and the second upon contract, and that there was a fatal misjoinder. This is made a cause of demurrer. Code, sec. 50.

So far as any objection was made to the action of the court below, that action was correct, and free from error. The rendering of judgment for the defendant over the objection of the plaintiff would undoubtedly have been erroneous, inasmuch as the misjoinder should have been noted on the order book, and separate actions docketed, and the plaintiff should have been permitted to file complaints therein; but we have seen that he made no objection to the judgment, and asked nothing at the hands of the court.

The case comes clearly within the numerous decisions of this court, holding that a party cannot successfully complain, in this court, of the action of the court below, to which he did not object or except.

The judgment below is affirmed, with costs.

*G. A. Ewing* and *J. M. Vanfleet*, for appellant.
*H. D. Wilson* and *J. D. Osborn*, for appellee.