## SEXTON *v.* SEXTON.

PLEADING—*Complaint.*—A. sued B. for contribution, alleging in his complaint that he and B. made their note to C. and that afterwards A. had paid the entire amount due on the note, that B. has never paid him one half of said note, &c. A copy of the note is filed with the complaint, and reads, "we promise to pay," &c., and is signed by A. and B.

*Held,* that in the absence of an allegation to the contrary, it will be presumed that A. and B. were both principals, and the complaint is therefore sufficient to entitle A. to recover one moiety of B.

STATUTE OF LIMITATIONS.—Such a suit is not based on any promise contained in the note, but on an implied promise raised on account of the plaintiff's having paid more than his share of the joint indebtedness; and the statute of limitations will bar the claim of the plaintiff after the lapse of six years from the time of payment.

PLEADING.—*Answer.*—An answer that the defendant had been sued once before on the same note, without alleging the result of the action, is bad.

SAME.—Also an answer by B. that he and A. had indorsed a note for W., and it was agreed between A. and B. that W. should mortgage certain real estate to indemnify them, and that W. made the mortgage, and that it had been fully paid off to A., is bad.

APPEAL from the Greene Common Pleas.

DOWNEY, C. J.—This action was brought by the appellee against the appellant, before a justice of the peace, for contribution. The defendant answered, first, the general denial;

second, that he had been sued on the same demand once before in the common pleas of that county, but without alleging what was the result of the suit; third, that the plaintiff and defendant had indorsed a note as sureties for one Walker to one Stalcup; that it was agreed by Walker and plaintiff and defendant that Walker should mortgage certain real estate to indemnify them; that Walker accordingly executed the mortgage; and that said mortgage had been fully paid off to said plaintiff; fourth, that as the suit was brought on an open account, all the items having been due for six years, the defendant pleads the statute of limitations. There was a trial by jury and verdict and judgment for the plaintiff. The defendant appealed to the common pleas, where there was an amended paragraph, setting up the statute of limitations, filed by the defendant, alleging that the cause of action did not accrue within six years before the commencement of the action. The plaintiff demurred to the second, third, and fourth paragraphs of the answer, because "neither one of them states facts sufficient." The demurrer was sustained to the second and third, and overruled as to the fourth. Both parties excepted. There was then a trial by jury and a verdict for the plaintiff. The defendant moved the court for a new trial, for the following reasons: that the finding of the jury was contrary to law, not sustained by sufficient evidence, and that the damages were excessive. This motion was overruled, and final judgment rendered on the verdict.

Three questions are presented by the assignment of errors: first, as to the sufficiency of the complaint; second, as to the sufficiency of the second and third paragraphs of the answer; third, as to the correctness of the ruling of the court in refusing a new trial.

The complaint is as follows: "State of Indiana, Greene county, ss. In the court of George W. Beard, justice of the peace of Center township. Lemuel B. Sexton *v.* John G. Sexton.

Lemuel B. Sexton, plaintiff, complains of John G. Sexton,

defendant, and says that on the 10th day of January, 1860, the said plaintiff and defendant, by their promissory note, a copy of which is filed herewith, promised to pay to the order of Wm. Stalcup, Wm. Haltsdaw, James G. Stalcup, and Squire Graves, under the name and style of Hance Stalcup's heirs, the sum of two hundred and forty-seven dollars and eighteen cents, with interest from date; that on the 7th day of January, 1861, said plaintiff paid on said note the sum of fifty dollars, that on the 22d day of January, 1861, said plaintiff paid on said note the sum of one hundred and two dollars; the 12th day of April, 1861, said plaintiff paid on said note the sum of twenty dollars; that on the — day of ——, 1861 or 1862, said plaintiff paid the remainder of said note, principal, and interest, and that said last payment was never credited on said note; that said defendant John G. Sexton has never paid said plaintiff the one-half of said note, principal and interest, paid by said plaintiff for said defendant on said note, although often requested so to do; wherefore," &c. The note is as follows:

"$247.18.                    Bloomfield, January 10th 1860.

On or before the 25th day of December, 1860, after date, we promise to pay to the order of Hance Stalcup's heirs two hundred and forty-seven dollars and eighteen cents, for value received, without any relief whatever from valuation, appraisement, or stay laws, with interest from date.

LEMUEL B. SEXTON.<br>JOHN G. SEXTON."

Indorsed on the note are sundry payments, not showing, however, by whom they were made.

It must be presumed that the makers of this note were both principals, in the absence of anything alleged or shown to the contrary. It might have been alleged and shown, if such was the fact, that one was security for the other. But without anything alleged or proved to the contrary, we must regard the makers as both being principals, and equally bound to pay the note. It follows, that if one of them paid the whole amount of the note, or more than his moiety thereof,

Sexton *v.* Sexton.

he had a claim against the other for contribution. The plaintiff alleges that he paid the whole amount of the note, and it must be concluded that he has a claim to the extent of one half the amount, for contribution, against the defendant. The complaint shows that the plaintiff had a good cause of action, and was therefore sufficient. See *Laval* v. *Rowley,* 17 Ind. 36; 1 Parsons Con. 31, *et seq.*

The next point is as to the sufficiency of the second and third paragraphs of the answer. The second was clearly bad. The mere fact that the defendant had been sued on the same damand once before is no bar to this action. In criminal prosecutions, when the defendant has been once in jeopardy he cannot be again prosecuted for the same crime. But that rule does not apply in civil actions. For aught that appears, the former action was dismissed, or otherwise disposed of without any final judgment. The third paragraph of the answer, we think, was also bad. There is no connection shown between the note which was indorsed by the plaintiff and defendant for Walker and the note filed with the complaint; and the fact that the mortgage was "fully paid off" does not show a satisfaction of this claim. If it was designed to show by this paragraph that payment had been made of the claim for which this action is brought, the paragraph was unnecessary, as payment may be proved, in a suit instituted before a justice of the peace, without being specially pleaded. 2 G. & H. 585, sec. 34. The same matter was admissible as well without as with the paragraph of payment pleaded; and therefore it would not have been error if the demurrer had been improperly sustained to the third paragraph.

The only other question relates to the propriety of the action of the court in refusing a new trial.

The evidence shows that the payments made by the plaintiff on the note were made at the times stated in the complaint, except as to the last amount, which was not paid at all, but the plaintiff gave his own note therefor, and took up the joint note in 1861 or 1862.

One question is as to the period of limitation in such a case. The defendant insists that it is six years, while the plaintiff contends that the action is on the note, and that it is not barred until after the lapse of the same time which would have barred the action of the payee on the note.

Whatever might have been the case had the joint note been merged in a judgment, and the payment made on or in satisfaction of the judgment, under 2 G. & H. 309 and 310, secs. 676 and 679, we are of the opinion that this must be regarded as an action for money paid by the plaintiff for the benefit of the defendant, not based on any contract or promise contained in the promissory note, but on the implied contract, which the law makes, on account of the plaintiff having paid more than his equal share of the joint indebtedness. It is true that the note is a material part of the evidence necessary to a recovery, but it is not of itself sufficient to make out a case. It shows the relation in which the parties stood to each other with reference to the contract, but is not the cause of action. The action was commenced on the 9th day of October, 1869, and the payments made by the plaintiff were all made more than six years before that time. We think, as this was merely an action for money paid, that it was barred in six years from the time of the payment. This is not a case where the equitable doctrine of subrogation is applicable, or sought to be applied. See *Neilson* v. *Fry*, 16 Ohio St. 552; 1 White & T. Lead. Cas. 78, *et seq.*

The other facts in the case make us quite willing to apply the bar of the statute to the claim, and we think fully justify the policy of such enactments.

The judgment is reversed, with costs, and the cause remanded, with directions to the common pleas to grant a new trial.

BUSKIRK, J., having been consulted as counsel, was absent.

*W. M. Franklin*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.