## THE CINCINNATI, WABASH AND MICHIGAN R. R. CO. *v.* HARRIS.

ACTION.—*Tort.—Contract.—Misjoinder of Actions.*—The distinction between actions sounding in tort and actions sounding in contract was not abolished by the code; nor can causes of action of the two classes be joined.

SAME.—*Pleading.—Railroad.—Contract to Fence.—Trespass.*—In an action against a railroad company for damages, the complaint alleged, that, in consideration of the promise of the defendant to keep stock out of the crops of the plaintiff, the latter had granted the former leave to enter upon his farm and construct its line of road across such farm, but that the defendant had permitted stock to enter upon and destroy such crops. *Held*, that the action is one upon contract, and not for a tort.

SAME.—*Conveyance.*—The conveyance in such case gave to the defendant the "right to construct and maintain a railroad," etc., "across" the plaintiff's land, in consideration that the defendant would fence its "road in six months' time," etc.

*Held*, that an entrance by the defendant under such conveyance was not a trespass.

*Held*, also, that the company was not bound to maintain, but might remove, the plaintiff's fences, and was not obliged to fence its road until six months after the completion thereof.

From the Grant Circuit Court.

*C. Cowgill, —— Shively, C. E. Cowgill, J. Brownlee* and *H. Brownlee*, for appellant.

WORDEN, J.—Action by the appellee, against the appellant.

The complaint was as follows:

"Noah Harris, plaintiff in this suit, complains of the Cincinnati, Wabash and Michigan Railroad Company, defendant, and says, that heretofore, in the year 1874, said company, defendant, was constructing their [its] railroad from Wabash, in Wabash county, Indiana, to Jonesboro, in Grant county, in the State of Indiana, and was desirous of constructing the same in and through the lands of the plaintiff, in said Grant County, which said plaintiff consented she should do, upon condition that defendant would not permit stock to come in upon said lands, and destroy plaintiff's growing crops and goods upon the same, which the defendant agreed to do, and proceeded to construct said road, entering upon the lands of plaintiff and upon his fields of growing corn, through which the line of said road ran; that defendant threw down the plaintiff's fences enclosing his said corn and grass, and neglected to put the same up or keep them up, either in day or night time; the consequence of which neglect and refusal, stock, to wit, cattle, horses, hogs and sheep, at divers times, entered upon plaintiff's said lands, and upon his corn and grass, and destroyed and ate the same, to the plaintiff's great damage," etc.

Among other pleadings, the general denial was filed by the defendant, and the cause was tried by a jury, resulting in a verdict and judgment for the plaintiff, over a motion interposed by the defendant for a new trial.

The evidence is in the record; from an examination of which we are of the opinion that the verdict and judgment can not be sustained.

The code has not abolished the distinction between actions sounding in tort and those sounding in contract; nor can causes of action of the two classes be joined. *Boyer* v. *Tiedeman*, 34 Ind. 72.

The action in this case would seem to be based upon

contract, and not tort. The complaint admits that the plaintiff consented that the defendant should construct her road through his lands, but upon the condition that the defendant would not let stock come in, etc., and that the defendant agreed, as we understand the complaint, that she would not permit stock to enter, etc. No trespass seems to be charged; for it appears by the complaint that the defendant had the plaintiff's consent to the construction of the road through his land.

But, whether the complaint be regarded as sounding in tort or contract, the evidence, as we think, totally fails to make it out. The plaintiff introduced a conveyance, or release, as it is called, executed by himself and wife to the company, of the right of way through his land. The conveyance recited that it was made in consideration of the location of the road and the benefits to be derived therefrom when constructed, " and in consideration of the R. R. Co. fencing the road in six months' time, and that the tax on said farm be released." The instrument, after describing the lands, gives to the company the " right to construct and maintain a railroad and all necessary appurtenances across and upon the land above designated," etc.

It thus appears, that the defendant was not a trespasser in entering upon the land and proceeding with the construction of the road. If, during the construction of the road under the right thus granted to the defendant, the latter was bound to keep stock from entering the plaintiff's land and destroying his crops, the obligation must have grown out of some contract made by the defendant not contained in the conveyance of the right of way. There is no such contract in that conveyance. There could, as we think, be no implied obligation resting upon the defendant to keep stock off the plaintiff's land during the progress of the construction of the road. The right to construct the road upon the land carried with it necessarily the right to enter upon the land and remove such

fences or other obstructions as were necessary to be removed in order to the accomplishment of the purpose.

We have examined the evidence carefully, and find nothing in it that tends to prove any agreement of the defendant, either to keep up the fences or to keep stock off the plaintiff's land during the construction of the road. The plaintiff, it is true, testified as follows: "I conveyed the right of way to the defendant to construct and run their railroad through my land, which was the same that was described in the complaint, in consideration that they would keep up the fences and pay the aid tax," etc.; but the defendant objected to that part of the evidence in reference to keeping up the fences, and the objection was sustained.

The conveyance of the right of way recites, that it was made upon the consideration, among other things, " of · the R. R. Co. fencing the road in six months' time." This, it seems to us, required the defendant to fence the road within six months' time after it was constructed, and not to fence the ground while the road was being constructed. Until the road was constructed, there was no road to fence.

The judgment below is reversed, with costs, and the cause remanded for a new trial.