Filed June 23, 1888.

———————◆———————

No. 14,264.

## GIESEKE, ADMINISTRATOR, v. JOHNSON.

PRINCIPAL AND SURETY.—*Payment by Surety.*—*Indemnity.*—*Promissory Note.* —*Attorney's Fees.*—*Decedent's Estate.*—Where a surety, in paying a promissory note executed by himself and his deceased principal, is not required to pay the attorney's fees for which the note provides, he is not entitled to recover such attorney's fees from his principal's estate, but he is entitled to recover the amount paid by him, with interest, and no more, his cause of action being not upon the note, but upon an implied promise of indemnity.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle*, for appellant.

*T. R. Cobb* and *O. H. Cobb*, for appellee.

ZOLLARS, J.— J. H. Gieseke and appellee executed a promissory note to the First National Bank of Vincennes in which was a stipulation for the payment of attorney's fees for its collection.

Although not shown upon the face of the note, appellee was surety for Gieseke. Before the maturity of the note Gieseke died, and appellant was appointed administrator of his estate. After the maturity of the note appellee paid it, but paid no attorney fees. Subsequently he filed his claim against the estate of Gieseke, stating therein the amount thus paid, setting out a copy of the note, and claiming attorney's fees for its collection. The court below allowed the claim, and included in its judgment fifteen dollars as such attorney's fees.

Is appellee entitled to recover such attorney's fees? That is the only question for decision here.

We are satisfied that he is not. One sufficient reason why he is not is, that he is entitled to recover the amount paid to the bank, with interest, and no more. His right of action is for indemnity only, and rests upon an implied promise on the part of the principal. Hence it is that a surety can not maintain an action against his principal until he has paid something, and then only for the amount paid, with interest. In this State the rate of such interest is regulated by statute. R. S. 1881, section 1219. Brandt Suretyship and Guaranty, sections 176, 178; *Bonney* v. *Seely,* 2 Wend. 481; *Eaton* v. *Lambert,* 1 Neb. 339; *Blake* v. *Downey,* 51 Mo. 437; *Succession of Dinkgrave,* 31 La. Ann. 703; *Kendrick* v. *Forney,* 22 Gratt. 748; 1 White & Tudor Leading Cases in Eq. (4th Am. ed.) 225, and cases there cited, and 156, and cases there cited.

To say that, upon and by reason of the payment of the note by the surety, equity subrogated him to the rights of the creditor, and to go further and say that by reason of such subrogation he might maintain an action upon the note against the principal, would not aid the appellee in this case, for the action would still be for indemnity, and the amount of his recovery the amount which he paid to the bank, with interest. Sheldon Subrogation, section 105, and cases there cited.

It is there said: "The subrogation of a surety will not be carried further than is necessary for his indemnity; if he buys up the security at a discount, or makes his payment in a depreciated currency, he can enforce it only for what it cost him."

In the case of *Kendrick* v. *Forney, supra,* in speaking of the rights of a surety to be subrogated to the rights and securities of the creditor, it was said: "He has no equity to be subrogated to the rights and securities of the creditor against the debtor for what he has not paid for him; but only for what he has paid for him. So that upon the principle of subrogation, as upon the implied contract of indemnity, the surety is not entitled to recover from the principal a greater amount than he has paid for him. He has an equity to be subrogated only for his indemnity in cases where the doctrine of subrogation will apply."

There was no subrogation or equitable assignment in the case before us for the one sufficient reason, without attempting to give others, that there is no equity requiring either, as the bank held no securities, funds, liens or equities against the principal debtor, or as a means of enforcing payment from him. And, as we have said, in substance, in this case appellee could not be benefited by any supposable subrogation, for the reason that he could recover nothing but a personal judgment against the principal maker of the note, and such judgment could not exceed in amount the sum paid by him to the bank, with interest.

By the terms of the note the makers agreed to pay to the bank reasonable attorney's fees for its collection, but the principal maker of the note did not thereby agree to pay to appellee, as his surety, such attorney's fees, nor any other amount. As already stated, the rights of the surety and the obligation of the principal, as between themselves, in a case like this, rest upon an implied promise on the part of the principal maker which arises under the law for the indemnity of the surety.

Gieseke, Administrator, v. Johnson.

The action by appellee, the surety, against the principal maker, is not upon the note, but upon the implied promise of indemnity. And hence it is that his right of action is not limited by the statute of limitations applicable to the note, but by the statute of limitations applicable to accounts and contracts not in writing which, in this State, is six years. And hence, too, it is not necessary, in a case like this, under our statute, which requires that when any pleading is founded on a written instrument or on account, the original or a copy must be filed with the pleading, that the note paid by the surety, or a copy, shall be filed with the complaint in an action by him against the principal for indemnity. See *Sexton* v. *Sexton*, 35 Ind. 88 ; *Arbogast* v. *Hayes*, 98 Ind. 26 ; *Lilly* v. *Dunn*, 96 Ind. 220 (227) ; *Harker* v. *Glidewell*, 23 Ind. 219 ; *Cameron* v. *Warbritton*, 9 Ind. 351 ; *White* v. *Miller*, 47 Ind. 385 ; 1 White & Tudor Leading Cases (4th Am. ed.), p. 145 ; *Neilson* v. *Fry*, 16 Ohio St. 552.

Upon any view that may be taken of the case, the attorney's fee should not have been allowed, and to that extent the judgment is too large.

If within sixty days appellee shall enter a remittal of fifteen dollars as of the date of the judgment, the judgment will stand affirmed, at his costs, otherwise reversed, at his costs.

Filed June 22, 1888.