Filed April 22, 1896.

No. 1,575.

GOODWIN *v.* DAVIS.

PRINCIPAL AND SURETY.—*Note.*—*Payment by Surety.*—*Liability of Principal to Surety.*—*Recovery.*—If a surety on a note pays the debt of his principal, he may recover from the principal the amount actually paid by him, together with interest at the rate specified in the note, his right of recovery in such case being one of indemnity.

From the Boone Circuit Court.

*G. H. Goodwin* and *T. J. Cason*, for appellant.

*T. J. Terhune* and *H. P. New*, for appellee.

ROSS, J.—The appellee sued the appellant, alleging that the appellant, as principal, and the appellee, as surety, on the 9th day of January, 1883, executed to one Cyntha A. Tyre, their promissory note, due twelve months after date, in the sum of $100.00, with interest at eight per cent, and attorneys' fees; that appellant defaulted in the payment, and that appellee,

as such surety, was compelled to and did pay the same. To the complaint appellant demurred for want of facts, which demurrer was overruled by the court, and an exception saved. Upon issues joined, the cause was submitted to the court for trial, without the intervention of a jury, and a finding made and judgment rendered in favor of appellee.

It is insisted by appellant that the complaint fails to state a cause of action for the reason, as appellant says, "That it is based and founded upon a note which the complaint shows, as does the exhibits and endorsements thereon, had been and was fully paid off and satisfied." In support of his contention appellant cites *Sexton* v. *Sexton*, 35 Ind. 88; *Gieseke, Admr.*, v. *Johnson*, 115 Ind. 308, and *Kreider* v. *Isenbice*, 123 Ind. 10.

Neither of these cases lend any support to appellant's contention. In *Sexton* v. *Sexton, supra,* the appellee sued the appellant for contribution, on a note executed by them both as principals and which he alone had paid. On appeal the Supreme Court held that while it appeared that they were both principals, hence jointly liable, and although the complaint contained no allegation that the plaintiff was surety for the defendant, nevertheless if he had been compelled to pay the entire debt he was entitled to recover to the extent of one-half of the amount paid.

In *Gieseke, Admr.*, v. *Johnson, supra,* the question was whether or not the surety could recover from the principal attorney fees for which the note provided, when the surety in paying the note had paid nothing but principal and interest. The court says: "His right of action is for indemnity only, and rests upon an implied promise on the part of the principal. Hence it is that a surety cannot maintain an action

against his principal until he has paid something, and then only for the amount paid, with interest."

In *Kreider* v. *Isenbice, supra,* the court says: "The only question involved in the case relates to the statute of limitations."

When the surety pays the debt of the principal, he may sue and recover back from the principal the amount which he has paid in discharge of the debt. His right is one of indemnity, and if he satisfies the payee by the payment of a less sum than that he is legally liable for, he can recover from his principal no greater sum than that he has paid.

The complaint states a cause of action.

It is also urged that the court erred in overruling appellant's motion for a new trial, for the reason, as the appellant insists, that the amount of recovery is too large. In this we think appellant is in error.

The statute, section 1219, R. S. 1881 (section 1233, Burns, Rev. 1894), provides that, "In any case when a surety on any bill, note, bond, or other instrument in writing shall be compelled to pay the debt or obligation of the principal debtor, such surety shall recover such rate of interest on the amount so paid by him for his principal as was originally provided in such bill, note, bond, or other instrument in writing, held against such principal debtor."

Calculating interest on the payments made by appellee from the time when made until judgment was rendered, shows that the amount of the judgment is none too large.

Judgment affirmed.

Filed April 22, 1896.