## MIAMI COUNTY BANK v. STATE OF INDIANA, EX REL. PERU TRUST COMPANY, ADMINISTRATOR, ET AL.

### [No. 9,337.   Filed March 29, 1916.]

1. APPEAL.—*Record.*—*Ruling on Demurrer.*—*Waiver of Error.*— Alleged error in overruling a demurrer is waived by appellant's failure to set out the demurrer or the substance of the same, and by failing to set out any memorandum of objections to the complaint.   p. 366.

2. BANKS AND BANKING.—*Trust Funds.*—*Liability of Bank.*—A person having charge of trust funds may deposit them in a bank to the credit of his personal account and check them out in the usual course of business, and the bank, though knowing the character of the funds, is not thereby made liable to the beneficiary or actual owner in the absence of knowledge that the depositor is misappropriating such funds; but if, with knowledge of the character of the funds, the bank applies them to the payment of the personal debt of the depositor to it, or knowingly accepts payment out of such funds, or knowingly assists or permits the depositor to misuse or misapply the funds, it may be held liable therefor to the beneficial or actual owner.   p. 368.

3. BANKS AND BANKING.—*Trust Funds.*—*Knowledge of Character of Funds.*—*Liability of Bank.*—The fact that a bank has knowledge that funds deposited are trust funds is an important circumstance which calls for caution in dealing with and honoring checks upon such deposit, though such knowledge is not sufficient in and of itself to create liability or to cause the bank to require the depositor to place such funds in an account separate and apart from his individual account.   p. 369.

4. SUBROGATION.—*Right of Surety.*—*Misappropriation of Trust Deposits.*—An administrator's surety, which had not satisfied the demands of the estate for funds which the administrator failed to account for, could not enforce an equitable right of subrogation against a bank in which the administrator had deposited the funds and which had permitted him to check them out with knowledge that he was misapplying them.   p. 372.

5. BANKS AND BANKING.—*Trust Funds.*—*Action on Bond.*—*Liability of Bank.*—Where a bank permitted an administrator to deposit funds of the estate to his individual account, and to check against such funds while knowing that he was misapplying them, liability could not be enforced against it in an action on the bond of the administrator which it did not execute, since its liability was not *ex contractu*, but was that of a cotrustee *ex maleficio*, by reason of its wrongful dealing with such trust fund.   p. 373.

6. ACTION.—*Misjoinder.*—*Parties.*—*Causes of Action.*—While the misjoinder of causes of action is not in itself ground for reversal, the most liberal construction of the code would not countenance a pleading in which an action upon contract and one in tort are joined, and in which it is sought to enforce liability upon the contract against one of the parties whose liability is solely in tort. p. 374.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by the State of Indiana, on the relation of the Peru Trust Company, administrator *de bonis non* of the estate of Fred M. Perry, deceased, against the Miama County Bank and others. From a judgment for plaintiff, the defendant named appeals. *Reversed.*

*Cox & Andrews,* for appellant.
*Albert Ward* and *Antrim & McClintic,* for appellees.

FELT, P. J.—This is an appeal from a judgment of the Miami Circuit Court rendered gainst appellant and John F. Perry, as principals, and William and H. G. Ballard and Maryland Casualty Company, as sureties, in favor of Peru Trust Company, administrator *de bonis non* of the estate of Fred M. Perry, deceased. The errors assigned and relied on for reversal of the judgment are in substance as follows: (1) the overruling of appellant's demurrer to the complaint of appellee State, ex rel. Peru Trust Company, administrator *de bonis non*, etc.; (2) the overruling of appellant's separate demurrer to each of the first, second and third paragraphs of the cross-complaint of Maryland Casualty Company; (3) the overruling of appellant's motion for a new trial; (4) the overruling of appellant's motion to modify the judgment; (5) error of the court in each separate conclusion of law Nos. 1, 2, 3, 4 and 5, respectively;

(6) the overruling of appellant's motion in arrest of judgment.

Some of the undisputed facts of the case are as follows: On November 9, 1912, John F. Perry was appointed administrator of the estate of Fred M. Perry, deceased, and qualified as such administrator and gave bond in the sum of $100, with appellees William and H. G. Ballard as sureties thereon. On March 14, 1913, said administrator gave an additional bond in the sum of $5,000 with appellee Maryland Casualty Company as surety. From 1911, until the trial of this case, appellant was a partnership engaged in the banking business and John F. Perry had a deposit and checking account with such bank. On April 9, 1913, said administrator received a draft for $4,250 from a railway company payable to the order of "John F. Perry, administrator of estate of Fred M. Perry, killed near Traft, Cal., November 9, 1912." On April 17, 1913, said John F. Perry endorsed said draft, "John F. Perry, adminstrator" and placed it with appellant for collection, and on said day appellant gave John F. Perry credit on his individual checking account for the face value of the draft. On said day John F. Perry owed appellant $2,300 and, before making the deposit, he had to his credit in his checking account the sum of $11.41. On May 16, 1913, appellant applied on the aforesaid indebtedness of John F. Perry $1,944.39 of the deposit, by charging that amount against his checking account. The balance of the funds to the credit of Perry was checked out by him for his individual use from time to time and on September 13, 1913, his checking account with appellant was overdrawn $30.99. On June 11, 1914, John F. Perry resigned as such administrator, without accounting to the estate for the funds, and appellee

Miami County Bank *v.* State, ex rel.—61 Ind. App. 360.

the Peru Trust Company was appointed administrator *de bonis non* of the aforesaid estate and thereupon brought this suit against John F. Perry, William Ballard, H. G. Ballard, Maryland Casualty Company, Miami County Bank, and Millard F. Pearson, receiver of the estate of John F. Perry.

The first paragraph of complaint is against John F. Perry and William and H. G. Ballard sureties on the bond for $100. It avers the execution of the bond for $100, the receipt and deposit of the funds by John F. Perry in the Miami County Bank and charges that, while acting as such administrator, he unlawfully embezzled and appropriated said money to his own use and has wholly failed and refused to turn over the same or any part thereof to persons entitled to receive the same; that said Perry and his sureties on said bond are liable for the full amount of said money so embezzled as aforesaid with ten per cent penalty, a copy of which bond is filed with and made a part of the complaint. The second paragraph of complaint is against John F. Perry, Maryland Casualty Company and Millard F. Pearson, receiver, "on the second bond given by John F. Perry as administrator" in the sum of $5,000. The third paragraph of complaint is against John F. Perry, Maryland Casualty Company, Millard F. Pearson, receiver of John F. Perry and appellant. It alleges Perry's appointment as administrator, the execution of the bond for $5,000 with Maryland Casualty Company as surety thereon; and alleges the condition of the bond to be that Perry should faithfully discharge his duties as administrator according to law, and the bond is made a part of the pleading by exhibit. It contains substantially the same averments as the first paragraph as to the deposit of the funds by Perry and the wrongful application

and embezzlement of the trust funds, and in addition thereto charges that said Perry and appellant "unlawfully conspired together for the purpose of converting and appropriating said money * * * and on or about the 17th day of April, 1914, * * * did in fact convert and appropriate said money * * * to their own joint use and benefit. * * * That by reason of the foregoing, the terms and conditions of the bond aforesaid have been broken and violated, and the defendant John F. Perry, Maryland Casualty Company, and the Miami County Bank are liable to pay to the relator the full amount of the money so converted and appropriated by the defendant Perry together with interest thereon from April 17, 1914, and ten per cent penalty; * * * Wherefore, this relator demands judgment against each of said defendants for the sum of five thousand dollars * * * and for all other just and proper relief in the premises."

The Maryland Casualty Company answered the complaint by general denial and also filed a cross-complaint in three paragraphs against appellant. The first paragraph of the cross-complaint of the Maryland Casualty Company avers in substance that appellant knew that John F. Perry had and held said $4,250 as such administrator and knew that the same belonged to the estate; that, with such knowledge, it accepted the same as a deposit and knowingly and wrongfully placed the same to the credit of said Perry on his individual account, and knowingly and wrongfully aided and abetted him in diverting, misappropriating and commingling said trust funds with his individual funds, and thereafter with such knowledge suffered and permitted said Perry from time to time, to withdraw said money from the bank on his individual checks for his own use and benefit; that, by reason of the

wrongful assistance so given Perry by appellant, he diverted, commingled and misappropriated all of said funds to his own use and embezzled the same; that, by reason of the acts aforesaid, appellant became and is jointly liable with said John F. Perry, as principal for the payment of the amount of money so received and misappropriated as aforesaid. The second paragraph of cross-complaint contains substantially all of the averments of the first and also alleges the execution of the aforesaid bond for $5,000; that said Perry resigned as administrator and failed to account for said funds, the details relating to the receipt, deposit, and misuse of which are alleged; that cross-complainant was only a surety on said bond; that John F. Perry was indebted to appellant when he received said trust funds and it wrongfully applied $3,500 of said funds to the payment of his individual debt, and thereafter wrongfully aided and abetted said Perry in commingling said trust funds with his own money and, with knowledge of the character of said funds, suffered and permitted him from time to time to withdraw the balance of said funds for his individual use whereby he embezzled the same. The third paragraph is substantially the same as the second, except, that it is averred that appellant is a corporation duly organized under the laws of the State of Indiana, and is doing a general banking business. Each paragraph of cross-complaint prays that appellant be held jointly liable with John F. Perry as principal in accounting for and paying the amount due on the trust fund; that the property of appellant and Perry be first exhausted before cross-complainant is compelled to pay any part of the amount found due the relator, Peru Trust Company, administrator.

Appellant demurred to the complaint, and to

each paragraph of the cross-complaint for insufficiency of facts alleged. The demurrers were overruled and exceptions taken. Issues were joined on the cross-complaint by general denial. Appellant has waived any question on the demurrer to the complaint by failing to set out the demurrer or the substance thereof and by failing to set out any memorandum of objections to the complaint as required by the statute. However, in so far as the sufficiency of the facts relied upon for a recovery is concerned, substantially the same questions arise on the exceptions to the conclusions of law that are discussed by appellant in considering the sufficiency of the complaint.

Most of the facts relating to the transactions involved are not controverted. The undisputed facts above set out and those alleged in the pleadings are in substance stated in the finding of facts. Omitting the formal and undisputed facts aforesaid, the finding is in substance as follows: That John F. Perry resigned as administrator on June 11, 1914; his resignation was accepted by the court and on the same day appellee, the Peru Trust Company was duly appointed administrator *de bonis non* of the estate; that John F. Perry was principal and Maryland Casualty Company surety on his bond for $5,000 and no part of the funds of the estate came into the possession of said surety company; that John F. Perry, on June 16, 1911, opened an account with appellant and deposited $6,000 and since then has continued to have an account with appellant; that from June 16, 1911, to October 7, 1912, he deposited and checked out more than $34,000 and at the latter date had to his credit, $1,039; that he owned valuable real estate in the town of Amboy where he lived and where the bank was located; that on October 8, 1912, he presented

to the bank, for the purpose of obtaining a loan, a statement showing his net assets to amount to $15,000; that appellant believed him to be truthful, honest and solvent; that said Perry at no time had an account with the bank as administrator; that in January, 1914, in a proceeding in court, John F. Perry was found to be insolvent and Millard F. Pearson was appointed receiver for his estate. The facts, in regard to the receipt, deposit and disposition of the draft for $4,250, are found as alleged and likewise the execution of the two bonds given by John F. Perry; that on April 17, 1913, John F. Perry unlawfully converted and appropriated said sum of $4,250 to his own use, and is now insolvent and has wholly failed, neglected and refused to turn over to appellee, the relator, any part of said funds; that appellant desired Perry to obtain possession of funds with which he could pay his indebtedness to the bank and Perry desired control of the money to use in his individual business and, on April 17, 1913, appellant and Perry, knowing the draft belonged to the estate of Fred M. Perry, deceased, "conspired and confederated together for said purpose and mutually agreed that the proceeds of such draft should be by said bank placed to the credit of the individual deposit account of said Perry and pursuant to said agreement, the proceeds of said draft were so deposited and $1,944.39 thereof was by said bank applied on the individual indebtedness of said Perry and the balance of said proceeds were withdrawn from said bank and used by said Perry in his individual business." That appellant with the knowledge aforesaid, placed the amount of the draft to Perry's credit in his individual account with the bank and commingled it with his individual funds and thereby enabled him to withdraw it on his individual check for his own

use, and by reason thereof the whole sum was converted to his individual use and squandered; that during all said time John F. Perry was making deposits in said bank in his personal account and his checks were honored by the bank; that Millard F. Pearson, Perry's receiver, took into his possession property of Perry and reduced the same to cash aggregating over $13,000, of which amount he still has in his possession $3,500.

On the foregoing finding of facts the court stated its conclusions of law: (1) that Miami County Bank by its acts became cotrustee with John F. Perry in the management of the assets of said estate and jointly liable with him as principal in accounting for said trust funds; (2) that the administrator *de bonis non* ought to recover of John F. Perry, Miami County Bank, Ballard and Ballard and Maryland Casualty Company, $5,119.12; (3) that the property of John F. Perry and Miami County Bank should be first exhausted before resort is had to the property of Ballard and Ballard and Maryland Casualty Company; (4) that the residue be recovered as follows: one fifty-first part from Ballard and Ballard and fifty fifty-first parts from Maryland Casualty Company, but not exceeding the amount of each of said bonds.

An administrator or other person having charge of trust funds may deposit them in bank to the credit of his personal account and check them out in the usual course of business and the bank, 2. though it has knowledge of the character of the funds so deposited, is not thereby made liable to the beneficial or actual owners of such funds, in the absence of any knowledge on its part that the funds are being misappropriated or misapplied by such trust officer. If the bank, with knowledge of the character of the funds so

deposited, applies them to the payment of the personal debt of the depositor due such bank, or knowingly accepts from him payment of his individual debt out of such funds, or knowingly assists, or permits such depositor to misuse or misapply such funds, it may be held liable therefor to the beneficial or actual owner thereof to the amount of the funds so misapplied or misused. The fact that the bank has knowledge of the character of the funds

3. is an important circumstance which calls for caution in dealing with, and honoring checks upon such deposits, though such knowledge is not sufficient in and of itself to create liability or to cause the bank to require the depositor to place such funds in an account separate and apart from his individual account. *Bundy* v. *Town of Monticello* (1882), 84 Ind. 119, 127; *United States Fidelity, etc., Co.* v. *Adoue & Lobit* (1911), 104 Tex. 379, 137 S. W. 648, 652, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914 B. 667; *Duckett* v. *National Mechanics Bank* (1897), 86 Md. 400, 38 Atl. 983, Am. St. 513; 39 L. R. A. 84, *United States Fidelity, etc., Co.* v. *First Nat. Bank, etc.* (1912), 18 Cal. App. 437, 123 Pac. 352; *Fidelity etc., Co.* v. *Rankin* (1912), 33 Okl. 7, 124 Pac. 71; *Allen* v. *Puritan Trust Co.* (1912), 211 Mass. 409, 97 N. E. 916, L. R. A. 1915 C 518; *American Nat. Bank* v. *Fidelity, etc., Co.* (1907), 129 Ga. 126, 58 S. E. 867, 869, 12 Ann. Cas. 666; *Town of East Hartford* v. *American Nat. Bank* (1882), 49 Conn. 539; *United States Fidelity, etc., Co.* v. *Peoples Bank* (1913), 127 Tenn. 720; 157 S. W. 414; *Fisher* v. *Brown* (1870), 104 Mass. 259, 6 Am. Rep. 235; 5 Cyc. 516; *Shepard* v. *Meridian Nat. Bank* (1898), 149 Ind. 532, 546, 48 N. E. 346; *McLain* v. *Wallace* (1885), 103 Ind. 562,

5 N. E. 911; *McEwen* v. *Davis* (1872), 39 Ind. 109, 114; *Board, etc.* v. *Newark City Nat. Bank* (1891), 48 N. J. Eq. 51, 21 Atl. 185; *State Nat. Bank* v. *Reilly* (1888), 124 Ill. 464, 14 N. E. 657; *Interstate Nat. Bank* v. *Claxton* (1904), 97 Tex. 569, 80 S. W. 604, 104 Am. St. 885, 65 L. R. A. 820; 3 R. C. L. 549, §177, *et seq.*

The language employed by the Supreme Court of Maryland in *Duckett* v. *National Mechanics Bank, supra,* 403, is appropriate here: "There can be no dispute that as a general principle all persons who knowingly participate or aid in committing a breach of trust are responsible for the money, and may be compelled to replace the fund which they have been instrumental in diverting. Every violation by a trustee of a duty which equity lays upon him, whether wilful and fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust. 2 Pomeroy, Eq. Jurisp. §1079. There is in such instances no primary or secondary liability as respects the parties guilty of, or participating in the breach of trust; because all are equally amenable. * * * If the bank knowingly aided and participated in Clagett's breach of trust, then the bank is, beyond dispute, as responsible to the new trustees as is the defaulting trustee himself. This liability of the bank depends, however, altogether upon the contingency that it knowingly aided the trustee, Clagett, to commit the default of which he was undeniably guilty. If without knowledge of Clagett's misconduct, or if without sufficient notice to put it on inquiry that would have enabled it to ascertain that Clagett was mingling with his individual deposits and using as his own, money that the bank knew or had the means of knowing was trust money; or if the bank was merely the

Miami County Bank *v.* State, ex rel.—61 Ind. App. 360.

innocent agency through which, without fault or negligence on its part, Clagett depleted the trust estate, then it was not guilty of aiding him in misappropriating the trust fund and is not liable to restore it. * * * It is true, undoubtedly, that a bank is bound to honor the checks of its customer so long as he has funds on deposit to his credit, unless such funds are intercepted by a garnishment or other like process, or are held under the bank's right of set-off. It is equally true that whenever money is placed in bank on deposit and the bank's officers are unaware that the fund does not belong to the person depositing it, the bank upon paying the fund out on the depositor's check, will be free from liability even though it should afterwards turn out that the fund in reality belonged to someone else than the individual who deposited it. It is immaterial, so far as respects the duty of the bank to the depositor, in what capacity the depositor holds or possesses the fund which he places on deposit. The obligation of the bank is simply to keep the fund safely and to return it to the proper person or to pay it to his order. If it be deposited by one as trustee, the depositor as trustee has the right to withdraw it, and the bank, in the absence of knowledge or notice to the contrary, would be bound to assume that the trustee would appropriate the money, when drawn, to a proper use. Any other rule would throw upon a bank the duty of inquiring as to the appropriation made of every fund deposited by a trustee or other like fiduciary; and the imposition of such a duty would practically put an end to the banking business, because no bank could possibly conduct business if, without fault on its part, it were held accountable for the misconduct or malversations of its depositors who occupy some fiduciary relation to

the fund placed by them with the bank. In the absence of notice or knowledge a bank cannot question the right of its customer to withdraw funds, nor refuse (except in the instances already noted) to honor his demands by check; and, therefore, even though the deposit be to the customer's credit in trust, the bank is under no obligation to look after the appropriation of the trust funds when withdrawn, or to protect the trust by setting up a *jus tertii* against a demand. But if the bank has notice or knowledge that a breach of trust is being committed by an improper withdrawal of funds, or if it participates in the profits or fruits of the fraud, then it will be undoubtedly liable." In *Allen* v. *Puritan Trust Co.*, *supra*, the supreme court of Massachusetts said: "The principle governing the defendant's liability is, that a banker who knows that a fund on deposit with him is a trust fund can not appropriate that fund for his private benefit, * * * without being liable to refund the money if the appropriation is a breach of the trust."

Neither paragraph of the cross-complaint against appellant avers that the surety company has paid, or in any way satisfied the demand of the estate for the funds for which Perry failed to account as administrator. Without such payment or satisfaction of the debt, the surety company can not avail itself of the equitable right of subrogation. Its claim is one of indemnity for loss sustained by reason of its having paid the debt for which appellant was primarily liable and which in equity and good conscience it should have discharged. The absence of such averments from the cross-complaint renders it insufficient. *Nelson* v. *McKee* (1913), 53 Ind. App. 344, 348, 99 N. E. 447, 101 N. E. 651; *Hinkle* v.

*Hinkle* (1898), 20 Ind. App. 384, 389, 50 N. E. 829; *Christian* v. *Highlands* (1902), 32 Ind. App. 104, 111, 69 N. E. 266; *Gieseke* v. *Johnson* (1888), 115 Ind. 308, 309, 17 N. E. 573; *Howe* v. *White* (1904), 162 Ind. 74, 83, 69 N. E. 684; *Hunter* v. *First Nat. Bank* (1909), 172 Ind. 62, 67, 87 N. E. 734; *Barnes* v. *Sammons* (1891), 128 Ind. 596, 600, 27 N. E. 747; *Goodwin* v. *Davis* (1896), 15 Ind. App. 120, 122, 43 N. E. 881; *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995; *Fast* v. *State, ex rel.* (1915), 182 Ind. 606, 608, 107 N. E. 465; *Simmons* v. *Scarborough* (1907), 129 Ga. 125, 131.

The third paragraph of complaint is a suit upon the $5,000 bond of the defaulting administrator. By this paragraph it is sought to hold appellant jointly liable as principal with John F. Perry, the defaulting administrator. The bank did not execute the bond and is in no way liable on the contract. Appellant's liability, if it exists, is not based on contract, but arises from the tort in which it participated by the wrongful application and misuse of the trust funds deposited by Perry in the Miami County Bank. Under the facts found by the court, appellant may be held liable as a cotrustee of the trust funds deposited by Perry, but it became such trustee, *ex maleficio*, by its wrongful dealing with such trust fund and not otherwise. The first, second and third conclusions of law hold appellant liable *ex contractu*, on the bond, including a penalty authorized by statute against defaulting administrators in certain instances. §§2981, 2982 Burns 1914, §§2458, 2459 R. S. 1881. Conceding that the appellant is liable in tort for its wrongful dealing with the trust fund, it does not follow that it can be held jointly liable

with the administrator in a suit, *ex contractu,* upon the bond which it did not execute. The conclusions of law which hold appellant liable in this action as above shown are therefore erroneous. 1 Works' Practice §§317-327; *Coddington* v. *Canaday* (1901), 157 Ind. 243, 244, 61 N. E. 567; *Indianapolis, etc., R. Co.* v. *Ballard* (1864), 22 Ind. 448, 451; *United States Fidelity, etc., Co.* v. *Peoples Bank, supra; Cincinnati, etc., R. Co.* v. *Harris* (1878), 61 Ind. 290, 291; *Boyer* v. *Tiedeman* (1870), 34 Ind. 72; *Clark* v. *Lineberger* (1873), 44 Ind. 223. Misjoinder of causes of action is not of itself ground for reversal. §§279, 281 Burns 1914, §§278, 280 R. S. 1881; *Cargar* v. *Fee* (1895), 140 Ind. 572, 576, 39 N. E. 93; *Brown* v. *Bernhamer* (1902), 159 Ind. 538, 540, 65 N. E. 580.

"It is not sufficient that the actions joined should be on money demands, or for the recovery of money. The demands must also arise out of contract. Therefore, an action to recover money for a tort can not be joined with one to recover on a demand arising out of contract. This was the rule before the code was enacted. And the code has not changed the rule." 1 Works' Practice §327, *supra.* "Giving the code its most liberal construction, it could hardly be claimed that it authorizes the joinder of two parties in one action, where the judgment against one must be for a tort and the other upon contract." 1 Works' Practice §317, *supra.* "The code has not abolished the distinction between actions sounding in tort and those sounding in contract; nor can causes of action of the two classes be joined." *Cincinnati etc., R. Co.* v. *Harris, supra.*

The case at bar presents a question that goes beyond the misjoinder of causes of action where each cause is against the same parties, for it not

Toledo, etc., R. Co. v. Cowan—61 Ind. App. 375.

only joins a suit upon a contract with a suit sounding in tort, but it seeks to hold appellant liable upon a contract to which it is not a party upon facts, that at most, only show a liability for a wrong which gives a right of action in no sense "arising out of contract".

Our conclusions already announced make it unnecessary to discuss the other questions considered in the briefs for the reason that they are in the main controlled by the principles above stated. The judgment is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 112 N. E. 40. As to liability of bank for knowingly permitting improper withdrawal of trust funds, see Ann. Cas. 1914 B 677; 12 Ann. Cas. 669. As to applicability of deposits to individual indebtedness of depositor where word suggestive of fiduciary character in appended to his name, see 10 L.,R. A. (N. S.) 706. As to liability of bank for taking deposit of trust funds in payment of trustee's debt, see 52 L. R. A. 790. See, also, under (1) 4 C. J. 525, 526; 3 Cyc 158; (2) 7 C. J. 633, 644; 5 Cyc 514, 520; (3) 7 C. J. 646; 5 Cyc 516; (4) 37 Cyc 406; (5) 9 Cyc 386; (6) 1 C. J. 1,086; 23 Cyc 415.