## LAUFER *v.* LAUFER.

[No. 9,043.   Filed April 4, 1916.]

1. APPEAL.—*Review.*—*Ruling on Demurrer.*—*Failure to File Memorandum of Defects.*—The failure to file a memorandum of defects with the demurrer to a complaint, does not of itself operate to make the ruling of the trial court in sustaining such demurrer erroneous, since on appeal the court may look beyond a memorandum in order to uphold the sustaining of a demurrer.   p. 510.

2. DIVORCE.—*Alimony.*—*Security.*—*Statutes.*—Under §1088 Burns 1914, §1047 R. S. 1881, providing that the court in its discretion may allow alimony to be paid by installments on sufficient security being given, and that if the surety required be not given within thirty days the whole amount of alimony shall be due, plaintiff in a divorce case could not avoid execution against him for alimony under a decree providing for payment by installments, on the theory that the installments were not due and that pursuant to an agreement no surety was required, since the alleged agreement did not appear from the decree, and though the decree was silent as to the requirement of surety the provisions of the statute were to be read into it.   p. 510.

3. HUSBAND AND WIFE.—*Dissolution of Marriage.*—*Agreements.*—*Validity.*—Husband and wife are not free to enter into agreements that tend to promote or facilitate the dissolution of marriage, since the State and society have such an interest that the law steps in and holds them to various obligations and liabilities.   p. 513.

From Hancock Circuit Court; *Earl Sample,* Judge.

Action by John Laufer against Matilda Laufer. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Tindall & Tindall,* for appellant.
*R. Williamson* and *Robert L. Mason,* for appellee.

MORAN, J.—This was a proceeding to set aside and quash an execution.   The same was determined in the court below by the sustaining of the demurrer to a pleading styled a motion or complaint. Appellant abided the ruling against him, refused to plead further, and from a judgment that he

take nothing by his pleading and that appellee recover costs, an appeal has been taken.

As to whether the court erred in sustaining the demurrer to the pleading is to be determined from the facts pleaded, which, in substance, are that on April 3, 1913, the necessary steps having theretofore been taken, appellee Matilda Laufer was granted a decree of divorce from appellant John Laufer with alimony in the sum of $4,000, to be paid $1,000 in 6, 18, 36 and 48 months respectively from the date of the granting of the decree. It was agreed between the parties and counsel representing them respectively that the alimony should be in said sum, and that the payment thereof should be in the manner stated; that appellant was the owner of seventy-three acres of unincumbered land in Hancock County, Indiana, at the time of the value of $9,000, and that in consideration of the amount of the alimony and by reason of it being a first lien upon appellant's land, the payments were arranged in the manner as aforesaid, and without interest until after maturity, and that appellant should not be required to give any security for any of the installments, the same being waived by appellee; that the decree was drafted in harmony with the agreement and appellant relied upon the same and paid the costs of the action and the first installment of alimony, but on October 18, 1913, appellee wrongfully caused the clerk of the Hancock Circuit Court to issue an execution and place the same in the hands of the sheriff by which all of the installments of alimony other than the first were attempted to be collected; that a copy of the execution was made a part of the pleading, and, on October 20, 1913, the sheriff served the execution upon appellant, and was threatening to levy upon his goods and chattels;

that appellant was not in default under the terms of the agreement; and the execution should be quashed and set aside, and the sheriff be ordered and directed not to serve and levy the same.

Before taking up the main question, we will first dispose of appellant's contention that the failure of appellee to file a memorandum with 1. her demurrer to appellant's complaint or motion, pointing out the infirmities of the pleading, precluded the court from passing upon the sufficiency thereof, and in sustaining the demurrer thereto, under such circumstances, error was committed. Appellee's contention in this behalf is not well taken. The mere fact of sustaining a demurrer to a pleading in the absence of a memorandum being filed with a demurrer is not of itself sufficient to predicate error thereon, as it has been held that this court may look beyond the grounds stated in such memorandum to uphold the ruling of the trial court in its action, but will not look beyond the grounds stated in the memorandum to overthrow the ruling of the trial court. *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411; *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471.

The statute, §1088 Burns 1914, §1047 R. S. 1881, in reference to the granting of alimony provides that, "The decree for alimony to the 2. wife shall be for a sum in gross, and not for annual payments; but the court, in its discretion, may give a reasonable time for the payment thereof, by installments, on sufficient surety being given. And in all cases where alimony has been thus given by installments, or may hereafter be given, and the security required shall not be given within thirty days from the date of such

decree, then the whole amount of such alimony shall become due and payable the same as if no such installment had been mentioned in the decree." The exact language of the decree in so far as it is material to the question presented is: "It is therefore considered and adjudged by the court that the plaintiff take nothing by reason of his complaint herein. It is further considered, adjudged and decreed by the court that the bonds of matrimony heretofore and now existing between the plaintiff John Laufer and the defendant Matilda Laufer be, and the same are hereby dissolved and forever held for naught, and that the defendant is hereby divorced from plaintiff upon her cross-complaint. It is further considered and adjudged by the court by agreement of the parties herein that defendant recover of and from plaintiff as alimony the sum of $4,000, the same to be paid as follows: $1,000 within 6 months from this date; $1,000 within 18 months and $1,000 each year thereafter until paid, or the plaintiff shall have the privilege to pay any part or all of said alimony at any time prior to the date it becomes due."

There are many extraneous facts pleaded as to an agreement being entered into between the parties and their respective counsel as to the amount of the alimony and the payment of the same by installments, and that security therefor was not exacted but waived by appellee. The pleading fails to disclose that the agreement contended for in so far as it relates to the waiving of security became a part of the decree. The value of the pleading must be tested by the decree as entered of record, as the decree is the foundation of the proceedings. The question to be determined is: Could appellee successfully coerce the payment of alimony irrespective of the fact that

the same was made payable by installments, where such were not secured by appellant? In other words, does the section of the statute, *supra,* operate so as to require security for the payment of the installments of alimony, where the decree is silent in this respect?

There is nothing in the decree of divorce itself, as we have seen, from which it can be inferred that the installments were not to be secured, unless it can be said that the failure to so state that they were to be secured and the character and kind of surety required of appellant is equivalent to a finding to this effect. In *Boggs* v. *Boggs* (1910), 45 Ind. App. 397, 90 N. E. 1040, where objections were raised on appeal that the judgment was defective on account of not stating the character and kind of security nor by whom to be approved, it was held that the objection was not tenable inasmuch as the form of the judgment was not challenged in the court below. And it was further held in this case that the failure of the decree to provide how the bail or stay of execution was to be taken, the character of the surety, and by whom approved, implied that the stay be taken in accordance with §§732, 733 Burns 1914, §§690, 691 R. S. 1881. In this case the decree followed the statute in the particular that it provided that if the judgment was not stayed or secured within thirty days the whole amount became due, but it was there held that the clerk had power to approve the security for the payment of the judgment of alimony, as by the sections above referred to, the clerk of the circuit court is so empowered.

In *Lake Erie, etc. R. Co.* v. *Huffman* (1912), 177 Ind. 126, 97 N. E. 434, Ann. Cas. 1914 C 1272, it was held that good practice required

that the judgment should provide for interest, but on failure to do so, the statute providing that judgments should draw interest would be read into the same. This same principle applies with equal force to the judgment for alimony in the case at bar, as the statute provides that the court may in its discretion allow the alimony to be paid by installments on sufficient surety being given, and if the surety required should not be given within thirty days, the whole amount of alimony should become due. The surety referred to as being required is the surety mentioned in the statute and the failure of the court to specify the character of the same does not prevent the operation of the statute. While, as was said in *Lake Erie, etc., R. Co.* v. *Huffman, supra,* the better practice required that the judgment provide for interest, the same is true in the case at bar; the better practice would require that the judgment for alimony be amplified in conformance with the statute when time was given for its payment, but its failure in this respect does not prevent the statute being read into the judgment.

It is also contended by appellee that the provisions of the statute in relation to alimony and the time of the payment of the same can not be waived by the parties, and further that in order to litigate the question sought to be presented by this proceeding, the sheriff was a necessary party defendant. As to the dissolution of marriage itself, the parties are not free to enter into agreements that tend to promote or facilitate the same (9 R. C. L. 256), as the State and society have such an interest in the institution of marriage that the law steps in and holds the parties to various obligations and

liabilities.    As to whether the provisions of the statute requiring installments of alimony, when time is given for the payment to be secured, falls within this general principle as tending to promote or facilitate a dissolution, so that the same can not be waived by the parties, and as to whether the sheriff of Hancock County was a necessary party defendant to the proceedings, we need not decide, in view of the conclusions we have reached.

The record discloses no error calling for a reversal of the judgment.    Judgment affirmed.

Note.—Reported in 112 N. E. 106.   As to validity of separation agreements between husband and wife, see Ann. Cas. 1913 D 265.