## DORIOT v. HASKELL AND BARKER CAR COMPANY.

[No. 11,570. Filed December 7, 1922. Rehearing denied January 31, 1923. Transfer denied April 6, 1923.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—*Ruling on Demurrer.*— The assignment of error that the court erred in sustaining the demurrer to the complaint is waived where appellant fails to set out in his brief the memorandum filed with the demurrer. p. 536.

2. APPEAL.—*Review.*—*Ruling on Demurrer.*—*Scope of Review.*— The court on appeal will not look beyond the memorandum filed with the demurrer to reverse a case on the ground that the demurrer was erroneously sustained. p. 536.

3. APPEAL.— *Review.*— *Harmless Error.*— *Sustaining Demurrer to Complaint.*—Error, if any, in sustaining a demurrer to a paragraph of complaint was harmless, where the substantial averments of the paragraph were embraced in the remaining paragraphs of the complaint. p. 536.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Elmer Doriot against the Haskell and Barker Car Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*H. B. Tuthill* and *Walter C. Williams,* for appellant.

*Grant Crumpacker, Cornelius R. Collins* and *Jeremiah B. Collins,* for appellee.

NICHOLS, C. J.—Action by appellant against appellee for damages for personal injuries alleged to have been

suffered by reason of the alleged negligence of appellee while appellant was an employe in its car building shop at Michigan City.

There were three paragraphs of complaint in which it is averred that appellee's negligence consisted of furnishing a place to work which was dimly lighted, in furnishing material and lumber which was defective, being cross-grained, sap-hardened and knotty, and in furnishing tools, implements and appliances which were defective and dangerous for the work appellant was required to perform. Appellee's demurrer was sustained to the first paragraph of the complaint. The issues were formed by an answer in denial to the second and third paragraphs of complaint. There was a trial by jury, and after the evidence was heard, the court instructed the jury to return a verdict for appellee on which judgment was rendered for appellee.

Appellant assigns as error the court's action in sustaining the demurrer to the first paragraph of complaint, and in overruling his motion for a new 1-3. trial. Appellant has waived his first assignment of error by failing to set out in his brief the memorandum which was filed with the demurrer. *Miami County Bank* v. *State, ex rel.* (1916), 61 Ind. App. 360, 112 N. E. 40. This court will not look beyond the memorandum to reverse a case. *Laufer* v. *Laufer* (1916), 61 Ind. App. 508, 112 N. E. 106. But appellant was not harmed by this ruling for the substantial averments of the first paragraph of complaint are found in the other paragraphs of complaint.

We have examined the extracts of the evidence in appellant's brief, which we assume to be such parts of the evidence as are most favorable to appellant, and we are constrained to hold that the court did not err in instructing the jury to return a verdict for appellee. The judgment is affirmed.